## Davis *v*. Arkansas Land & Lumber Company.

### Opinion delivered February 22, 1926.

1. RAILROADS—FEDERAL CONTROL—SUBSTITUTION OF PARTIES.—Where, upon a cause of action growing out of the Government's operation of the railroads, plaintiff, intending to sue the authorized agent, named one who had previously acted as such and procured service as required by the Transportation Act, it was not error to permit the plaintiff to substitute the agent who succeeded the agent named in the complaint.

2. APPEAL AND ERROR—FORMER DECISION AS LAW OF CASE.—A former decision of this court upon a Federal question is the law of the case until overruled by the Supreme Court of the United States.

Appeal from Hempstead Circuit Court; *J. H. McCollum*, Judge; affirmed.

### STATEMENT OF FACTS.

This is the second appeal in the case. It appears from the former appeal that the Arkansas Land & Lumber Company sued the Missouri Pacific Railroad Company, St. Louis-San Francisco Railway Company and John Barton Payne, Director General of Railroads, and John Barton Payne, Federal Agent of the United States, to recover damages in the sum of $582.58 on account of the conversion by the defendants of a certain carload of lumber shipped by the plaintiff over said lines of railroad from Malvern, Arkansas, to Blackwell, Oklahoma. The cause of action arose on July 23, 1918, and suit was filed on July 9, 1921. On the 10th day of October, 1921, the plaintiff filed a motion to substitute James C. Davis, Federal agent of the United States under the Federal Transportation Act of February 28, 1920, as defendant, for John Barton Payne as such Federal agent. The court allowed the substitution to be made. James C. Davis, as such Federal agent, pleaded that the plaintiff had no right to make him a party defendant after the expiration of three years from the time the cause of action accrued. The circuit court sustained his contention and rendered judgment dismissing the complaint of the plaintiff.

Upon appeal to this court, it was held that, while the cause of action was against the Federal agent, who was the person appointed by the President under the act of Congress to defend the suit, the substitution of James C. Davis for John Barton Payne as such agent was not the bringing of a new suit, but was merely correcting a mistake in the name of a party, in furtherance of justice under § 1239 of Crawford & Moses' Digest.

The cause was remanded with directions to overrule the plea of James C. Davis, as such Federal agent, and for further proceedings according to law. *Arkansas Land & Lumber Co.* v. *Davis,* 155 Ark. 541. Upon the remand of the case James C. Davis, as such Federal agent, interposed the plea that the suit had not been commenced against him within the period of time authorized for bringing such actions. His plea was overruled by the circuit court. The cause then proceeded to trial before the circuit court sitting as a jury, upon the pleadings and an agreed statement of facts, which tended to establish the allegations of negligence alleged in the complaint against the railroad companies within the period of time when the roads were operated by the Director General of Railroads. Judgment was rendered in favor of the plaintiff, and the case is here on appeal.

*King, Mahaffey & Wheeler,* for appellant

*E. F. McFaddin,* for appellee.

HART, J., (after stating the facts). On the facts proved the defendant was liable. The only ground relied upon for a reversal of the judgment is that the court erred in allowing James C. Davis, as agent designated by the President under the Transportation Act, 1920, to be substituted as such Federal agent in the place of John Barton Payne.

Reliance for a reversal of the judgment is had upon the principles announced in *James C. Davis, Agent,* v. *L. L. Cohen & Co.,* 268 U. S. 638, 45 S. C. Rep. 633. In that case, suit was brought by the shipper against the railroad company for damages to a carload of scrap

iron shipped over the railroad in 1918, when it was under Federal control. The railroad company was described as a corporation "operated and controlled by the United States Railroad Administration," and the writ was served upon the railroad company alone. In September, 1922, the writ and declaration was amended by striking out the name of the railroad company and substituting the name of James C. Davis, Agent, as defendant. Davis defended the suit on the ground that the court had no jurisdiction over him because the proceeding against him had not been commenced within the time prescribed by § 206 of the Transportation Act.

The court sustained the contention of Davis on the ground that the service of the original writ upon the railroad company did not bring him before the court. This holding is in accord with our own opinion in *Davis v. Chrisp,* 159 Ark. 335. In regard to a similar contention in that case, it was held that the effect of the substitution was to change the action from one against the railroad corporation to one against the United States, and that the substitution was not a mere change of representatives as in the case of a change from the director general to the Federal agent. Hence it was held that the Federal agent was not bound to take cognizance of an action against the railroad corporation, even though service was had on the same local station agent, and even though the complaint stated a cause of action for damages sustained during government control.

In the case at bar the facts are essentially different. While the original action was brought against the railroad companies and John Barton Payne, as Director General of Railroads, John Barton Payne was also sued as agent duly designated by the President of the United States against whom all causes of action might be brought for matters arising out of the operation by the United States of the railroads of any carrier. The cause of action in favor of the plaintiff accrued in July, 1918, while the railroads were under the control and operation of the Director General of Railroads; but the suit was not

brought until after the termination of Federal control. Service of summons was had upon the station agent designated by the Transportation Act, 1920.

Section 1239 of Crawford & Moses' Digest provides that the court may at any time, in the furtherance of justice, amend any pleading or proceeding by correcting a mistake in the name of a party. The plaintiff intended to sue the agent designated by the President in the Transportation Act of 1920, and we do not think the substitution of James C. Davis in the place of John Barton Payne as such Federal agent introduced a new party into the action. We think the substitution was merely a correction of a mistake in the name of the defendant, which was authorized by the section of our practice act referred to above. At least such is the effect of our holding upon the former appeal. *Arkansas Land & Lumber Co.* v. *Davis,* 155 Ark. 541. This decision is the law of the case until overruled by the Supreme Court of the United States, because our construction of our practice act is deemed repugnant to § 206 of the Transportation Act, 1920. *Miller Lumber Co.* v. *Floyd,* 169 Ark. 473, and cases cited.

It follows that the judgment must be affirmed.