## MELLON, DIRECTOR GENERAL, *v.* ARKANSAS LAND & LUMBER CO. ·

CERTIORARI TO THE SUPREME COURT OF ARKANSAS.

No. 73.   Argued October 27, 1927.—Decided January 3, 1928.

·Under § 206 of the Transportation Act, 1920, which provided that actions at law based on causes of action arising out of the operation by the President of the railroad of any carrier, might, after the termination of federal control, be brought against " an agent designated by the President for such purpose . . . within the periods of limitation now prescribed by State or Federal statutes," an action was mistakenly brought against one who had resigned from the position of designated agent. *Held,* that the substitution of his successor was in effect the commencement of a new and independent proceeding, which was barred by the running of the applicable state statute of limitations before the substitution was made.   P. 462.

155 Ark. 541; 170 *Id.* 552, reversed.

CERTIORARI, 273 U. S. 676, to a judgment of the Supreme Court of Arkansas, sustaining a recovery in an action brought by the Land and Lumber Company under the Transportation Act.

*Mr. J. Q. Mahaffey* for petitioner.

*Mr. E. F. McFaddin* for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The question in this case relates to the construction and effect of the provision in § 206 of the Transportation Act, 1920,[1] which permitted suits on causes of action that had arisen during the Federal control of railroads to be brought thereafter against an Agent designated by the President. This section, in so far as here material, pro-

[1] 41 Stat. 456, c. 91.

vided that actions at law based on causes of action arising out of the operation by the President of the railroad of any carrier, might, after the termination of Federal control, be brought against "an agent designated by the President for such purpose . . within the periods of limitation now prescribed by State or Federal statutes"; and that a judgment "rendered against the agent designated by the President" should be paid out of a revolving fund created by the Act.

On July 23, 1918, a cause of action accrued in favor of the Arkansas Land & Lumber Company on account of the misdelivery of a carload of lumber shipped by it over the railroads of two carriers then being operated under Federal control. The Arkansas statute of limitations provided that suit "shall be commenced within three years after the cause of action shall accrue, and not after."[2]

No suit was brought during the period of Federal control, which terminated on March 1, 1920.[3] Thereafter, on July 9, 1921—nearly three years after the cause of action accrued—the Company brought suit in an Arkansas circuit court against "John Barton Payne, Director General, as Agent for" the railroad carriers, alleging that he then was "the agent duly designated by the President" against whom suits might be brought.[4] At that time Payne was not the Agent designated by the President, having resigned as Director General and designated Agent more than three months before; and James C. Davis had been designated by the President and then was the Agent.[5]

-------

[2] Crawford & Moses Digest of the Statutes of Arkansas (1921), § 6950.

[3] Transportation Act, § 200 (a).

[4] The railroad carriers were also made defendants, but on their demurrers the suit was dismissed as to them. *Missouri Pacific Railroad* v. *Ault*, 256 U. S. 554; *Davis* v. *Cohen Co.*, 268 U. S. 638; *Mellon* v. *Weiss*, 270 U. S. 565.

[5] Proclamation, 42 Stat. 2237.

In October, 1921—more than three years after the cause of action accrued—on a plea in abatement by Payne to the effect that he was not the designated Agent, the court dismissed the suit as to him; and, on motion of the plaintiff, Davis, the designated Agent, was substituted as the defendant. Davis, thereafter appearing, pleaded that under § 206 of the Transportation Act the suit could not be prosecuted against him as he had not been made a party within the period of limitation prescribed by the Arkansas statute. The circuit court sustained this plea and dismissed the suit. The Supreme Court reversed the judgment on the ground that the substitution of Davis was not the institution of a new action against him, but merely an amendment correcting the name of the defendant in furtherance of justice; and remanded the cause to the circuit court. 155 Ark. 541. Davis there renewed his plea under the Transportation Act. This was overruled, and judgment was rendered against him. The Supreme Court—in which the petitioner, who meanwhile had succeeded Davis as the designated Agent,[6] was substituted as the appellant—adhered to its former ruling and affirmed the judgment. 170 Ark. 552.

This, we find, was error. The United States had not consented to being sued after the termination of Federal control except as provided by § 206 of the Transportation Act, that is, by a suit brought against the Agent designated by the President for such purpose, within the period of limitation prescribed by the State statute. This plainly meant that the suit must be brought within the period of limitation against the person who was the designated Agent and alone had authority to represent the Government. The bringing of the suit against Payne, who was not the designated Agent, was not a compliance with this requirement and brought no representative of

[6] Proclamation, 44 Stat. 2598.

the Government before the court. *Davidson* v. *Payne* (C. C. A.) 289 Fed. 69. The substitution of Davis, the designated Agent, was not the correction of an error in the name of the defendant, but the bringing in of a different defendant, and was in effect the commencement of a new and independent proceeding against him to enforce the liability of the Government. See *Davis* v. *Cohen Co.*, 268 U. S. 638, 642; *Mellon* v. *Weiss*, 270 U. S. 565, 567. And, as this substitution, being made more than three years after the cause of action had accrued, was not a compliance with the requirement of the Transportation Act that the action be brought against the designated Agent within the period of limitation prescribed by the State statute, the plea should have been sustained and the suit dismissed.

This conclusion is substantially the same as that in *United States* v. *Davis* (D. C. App.) 8 F. (2d) 907; *Vassau* v. *Northern Pacific Railway*, 69 Mont. 305; *Davis* v. *Griffith*, 103 Okla. 137; and *Natoli* v. *Davis*, 75 Cal. App. 309: *contra, Bailey* v. *Hines*, 131 Va. 421.

The judgment is reversed, and the cause remanded to the Supreme Court of Arkansas for further proceedings not inconsistent with this opinion.

*Reversed.*