Eugenia LEMMON, Plaintiff,

v.

SOCIAL SECURITY ADMINISTRA·
TION, Defendant,

Civ. A. No. 4923.

United States District Court
E. D. South Carolina,
Florence Division.

Feb. 18, 1957.

Heman H. Higgins, Jr., Georgetown, S. C., for plaintiff.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Arthur G. Howe, Thomas P. Simpson, Asst. U. S. Attys., Charleston, S. C., for defendant.

WILLIAMS, District Judge.

This matter comes before the Court on defendant's motion to dismiss or in lieu thereof to quash the return of service of summons in an appeal from a decision of the Appeals Council of the Social Security Administration.

Plaintiff has brought this action allegedly under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). It appears from the complaint that the plaintiff applied to the District Office of the Social Security Administration for Old Age Insurance Benefits and was refused. She then requested and received a hearing before a Referee, which hearing resulted in a denial of her claim. Plaintiff then appealed from the Referee's decision to the Appeals Council of the Social Security Administration. Its decision denying plaintiff's claim was filed on March 18, 1955, and notice was sent to the plaintiff and her counsel. The prayer of the complaint asks that the defendant be ordered to pay the pension due from January 1, 1953, to date in a lump sum award and to pay monthly a pension for the remainder of plaintiff's life, or in the alternative that the claim for Old Age Insurance Benefits be remanded for further hearing for the purpose of taking additional testimony. The present action was filed on May 17, 1955, and names the Social Security Administration as defendant.

The grounds for the Government's motion are briefly as follows: That service of the summons was not made in compliance with Rule 4(d) (4, 5) of the Federal Rules of Civil Procedure, 28 U.S.C.A. in that the defendant is not suable and is not subject to service of process; that no service was made upon the Attorney General by registered mail at Washington, D. C., and that no copy was delivered to named defendant. That the Court lacks jurisdiction over the subject matter; that the complaint fails to state a cause of action upon which relief can be granted; that the Social Security Administration is not a suable entity; that the cause of action set forth is not authorized by Section 405(g) of Title 42 U.S.C.A., but on the contrary is

specifically prohibited by Section 405(h) of Title 42 U.S.C.A. Further, that Oveta Culp Hobby, Secretary of Health, Education, and Welfare, is the only proper party against whom suit can be brought pursuant to said Section 405(g), this being the jurisdictional section alleged in the complaint, and said Oveta Culp Hobby is an indispensable party who has not been made a party defendant. Further, that said action is in fact an unauthorized suit against the United States who has not been made a party defendant and who cannot be made a party defendant because it has not consented to be sued in an action to recover on a claim arising under Title II· of the Social Security Act.

Service of process in this case was made by serving the District Director of the Social Security Administration in Charleston, South Carolina, and by serving an Assistant United States Attorney for the Eastern District of South Carolina. It is admitted that no copy of summons and complaint was forwarded by registered mail to the Attorney General of the United States at Washington, D. C., nor was a copy served on or furnished to the Social Security Administration, the defendant named herein. Rule 4(d)(5) provides that service of the summons and complaint shall be made "Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency."

Rule 4(d)(4) provides that service of the summons and complaint shall be made "Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United

States at Washington, District of Columbia, * * *."

█ The language of Rule 4(d)(4) is clear and unambiguous and it is well settled that service upon the Attorney General as prescribed in said Rule is mandatory. In the recent case of Messenger v. United States, 231 F.2d 328, 330, Judge Medina, speaking for the United States Court of Appeals Second Circuit, stated

"We hold that both the delivery to the United States Attorney and the mailing to the Attorney General are mandatory requirements. There is nothing in the language of the Rule or its history to suggest otherwise."

█ It is also clear from the record in this case that the plaintiff has failed to properly serve the named defendant since the only service was made upon an employee who has not been authorized or designated as an agent for the acceptance of service of process, there being no evidence of any service or attempted service on the Social Security Administration.

█ Even if proper service of process has been made, this action could not be maintained. Provision for judicial "review" of "final" decisions on claims for benefits, under Title II of the Social Security Act (hereinafter referred to as "the Act"), is made in, and expressly limited by, Section 205(g) and (h) of said Act, 42 U.S.C.A. § 405(g) and (h). The remedy provided by Section 205(g) of the Act is obviously exclusive. So far as pertinent here, Section 205(g) and (h) provide as follows:

Section 205(g). "Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision

* * *. As part of its answer the Administrator shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator, with or without remanding the cause for a rehearing. The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Section 205(h). "* * * No findings of fact or decision of the Administrator shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Administrator, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States [the section defining the jurisdiction of the Federal courts which has been superseded by Section 1331 et al. of new Title 28 U.S.C.A.] to recover on any claim arising under this title."

Under Reorganization Plan No. 1 of 1953, 67 Stat. 631, 5 U.S.C.A. § 623 note, the office of the Federal Security Administrator was abolished and all functions of the Administrator were transferred to the Secretary of Health, Education, and Welfare.

■ As has been stated, the Social Security Administration is the defendant named in this action. A study of the legislation creating the Social Security Administration reveals that it is a constituent organization (established by administrative order (20 Fed.Register 1996)) of an executive department of the Government of the United States, now the Department of Health, Education, and Welfare. In creating this branch of an executive department, Congress has not authorized suit against it. It is therefore clear that no action can be maintained against the Social Security Administration since such an action would be the equivalent of a direct suit against the Government which cannot be maintained in the absence of congressional waiver of sovereign immunity.

"Appellant argues that the recent decisions of the Supreme Court in Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration [Region No. 4] v. Burr, 309 U.S. 242, 60 S. Ct. 488, 84 L.Ed. 724, and Reconstruction Finance Corporation v. J. G. Menihan Corp., 312 U.S. 81, 61 S. Ct. 485, 85 L.Ed. 595, have virtually obliterated the principle of sovereign immunity from suit.

"While some of these decisions, notably the last one, contain pretty broad language, we think they do not go so far as appellant contends. They were concerned with corporate or analogous devices created or immediately authorized by Congress and endowed by it, expressly or by implication, with the power to sue and be sued. The Works Projects Administration is not a device of that type. Like its predecessor the Works Progress Administration, it is a mere agency of the executive. The Works Progress Administration was established in 1935 by executive order and was made responsible to the President for the 'honest, efficient, speedy, and coordinate execution' of the work relief program as set up in the emergency relief acts. It was continued under its new name by Reorganization Plan No. 1, effective July 1, 1939. There is no disguising the fact that suit against either agency amounts to a direct suit against the government, and Congress has not yet indicated a general waiver of governmental immunity." Thomason v. Works Projects Administration, 9 Cir., 138 F.2d 342, 343.

■ In order for an agency of the Government to be sued *eo nomine*, the congressional act creating such agency must so provide.

"When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. See Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 390, 59 S.Ct. 516, 518, 83 L.Ed. 784.

"Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. No such suit was brought here, and no service was had upon the individuals comprising the Civil Service Commission. Therefore, neither the individuals comprising the Civil Service Commission nor the Commission as a suable entity was before the District Court." Blackmar v. Guerre, 342 U.S. 512, 515, 72 S. Ct. 410, 412, 96 L.Ed. 534.

■ It therefore clearly appears that an action under Section 205(g) of the Social Security Act may be brought only against the Secretary of Health, Education, and Welfare, who is not only an indispensable party but is the only proper party defendant. In order to do this, valid service of process can be had only by personal service upon the Secretary in addition to the service upon the United States Attorney and mailing a copy of the summons and complaint to the Attorney General by registered mail. Since the Secretary of Health, Education, and Welfare was not made a party to this action, there has been no service of a summons and complaint upon this official. The service of process on the District Director in Charleston cannot constitute such service as is required by Rule 4(d)(5).

■ The plaintiff in this action has in effect brought suit against the Social Security Administration which is not a suable entity and has failed to name the Secretary of Health, Education, and Welfare, who is an indispensable party and the only proper defendant, and has failed to perfect service under Rule 4(d) (4) and (5). The other grounds of the motion appear to be well taken but inasmuch as the defendant is entitled to its motion on the grounds herein considered, it is not thought necessary to discuss them. It is, therefore,

Ordered that the defendant's motion to dismiss the plaintiff's complaint be and the same is hereby granted.