Roy CUNNINGHAM, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1485.

United States District Court
W. D. Missouri,
Southwestern Division.

Sept. 26, 1958.

No appearance for plaintiff.

John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for U. S.

RIDGE, District Judge.

August 26, 1957, petitioner filed application for disability insurance benefits under Sections 216(i) and 223(a) of the Social Security Act, as amended. (Sections 416(i) and 423(a), Title 42 U.S. C.A.) After a hearing before a Referee of the Social Security Administration, a decision was entered on February 25, 1958, denying such benefits to petitioner. Subsequently, on appeal therefrom, the Appeals Council on August 5, 1958, affirmed the decision of the Referee denying benefits to the plaintiff. August 6, 1958, the Appeals Council sent, by registered mail addressed to petitioner at 1613 Roosevelt Avenue, Joplin, Missouri, a copy of its order denying his request for review of the Referee's decision and informed petitioner by letter attached thereto that if he desired a review of such decision by a court he should commence a civil action in the District Court of the United States in the judicial district in which he resides, within sixty (60) days from that date, and that the individual to be named as a proper party defendant in such action was the then Secretary of Health, Education and Welfare.

September 26, 1958, petitioner filed the instant action in this Court, seeking review of such decision. Instead of naming the then Secretary of Health, Education and Welfare as a party defendant herein, petitioner proceeded to name the "United States of America" as such party defendant. Service of process issued on said complaint was personally made on the United States District Attorney for

this District, and by mail on the Attorney General of the United States, as provided in Rule 4(d) (4), F.R.Civ.P., 28 U.S.C.A.

■ The United States has now filed motion to dismiss this action. While it may seem harsh to deprive the plaintiff a review of the denial of his claim for disability benefits under the Social Security Act because of error on his part in commencing this action against the wrong defendant, there is no other recourse under the law for this Court to follow except to sustain said motion, for the following reason. In Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)), the Congress has set forth the conditions under which a suit may be brought to obtain a review of the decision of the Secretary of Health, Education and Welfare, made in respect to a claim awarded under that Act. Such provision of law operates as a condition of liability on the part of the Government to pay disability benefits under the Social Security Act, and unless an action is commenced in accordance therewith, a United States District Court acquires no jurisdiction to review any such claim. Poindexter v. Folsom, 242 F.2d 516 (3rd Cir., 1957); Ewing v. Risher, 176 F.2d 641 (10th Cir., 1949); Chavers v. Hobby, 19 F.R.D. 393 (D.C. N.J.1956.)

■ In the case at bar, plaintiff having named the United States as a party defendant, instead of Arthur S. Flemming, Secretary of Health, Education and Welfare, as he was directed so to do, and the time having elapsed in which an action under Section 205(g), supra, may be commenced against the Secretary, it follows that this action must be, and the same is hereby, dismissed. It is now too late to join the Secretary of Health, Education and Welfare as an indispensable party to this review proceeding. Mellon v. Arkansas Land and Lumber Co., 275 U.S. 460, 48 S.Ct. 150, 72 L.Ed. 372; Poindexter v. Folsom, supra; Lomax v. United States, 155 F.Supp. 354 (D.C. E.D.Pa.1957); Zeller v. Folsom, 150 F. Supp. 615 (D.C.N.D.N.Y.1956).

It is so ordered.