Avery E. DAVIS, Plaintiff,

v.

Arthur S. FLEMMING, Secretary, Health,
Education & Welfare, Defendant.

No. 1504.

United States District Court
W. D. Missouri,
Southwestern Division.

Feb. 25, 1959.

**140**

Avery E. Davis pro se, for plaintiff.

Edward L. Scheufler, U. S. Atty., John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for defendant.

RIDGE, District Judge.

Petitioner, appearing *pro se*, is a resident of Joplin, Missouri, within the territorial jurisdiction of this Court. On April 4, 1956, he filed an application with the Social Security Division of the Department of Health, Education and Welfare, to establish a period of disability under section 216(i) of the Social Security Act (section 416(i), Title 42 U.S.C.A.). He alleges that on February 19, 1957, he was notified of the disallowance of his application; that a request for reconsideration thereof was denied on June 13, 1957; but thereafter, on March 25, 1958, an order was made, remanding his case to a Referee for further hearing and decision; that a decision was so rendered by the Referee on June 6, 1958, again denying plaintiff any period of disability. Plaintiff asserts that notice of this decision was mailed to him on September 24, 1958, advising him of his right to a review thereof under section 205(g) of the Act, (section 405 (g), Title 42, U.S.C.A.) within sixty days of that date, namely, on or before the 23rd day of November, 1958.

The instant action was commenced in this Court on November 14, 1958. Summons issued by the Clerk was directed to Arthur S. Flemming, Secretary of Health, Education & Welfare. However, the only service thereof, together with a copy of the complaint, was personally on the United States Attorney for this District, on November 17, 1958,

and on the same day, two copies of the summons and complaint were forwarded by registered mail to the Attorney General of the United States, with return receipt requested. The return receipt indicates that such process was delivered to the Attorney General on November 19, 1958. There is no indication in the instant record that Arthur S. Flemming, Secretary of Health, Education and Welfare, the only officer of the United States named as a party defendant herein, was ever delivered or served with a copy of such summons and complaint.

Defendant has now filed motion to quash summons, return of service as above made, and to dismiss this action. It is the contention of the defendant that, no service of summons or copy of the complaint having been made upon him, this Court has no jurisdiction over his person or the subject matter of this action, and the instant petition for review should be dismissed.

Jurisdiction and venue of this Court over the subject matter of this review action is predicated in section 205(g) of the Social Security Act, supra, which reads in part as follows:

"(g) Review.

"Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Administrator may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."

The purpose of section 205(g), supra, is to give an applicant for Social Security benefits a right to judicial review of his claim for disability allowance. In such a review action it is provided that as a "part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." Without attempting to here delineate the extent of review to be made by a District Court in such cases, it is sufficient to say that it is a limited one; and, the action by which such a review is to be had is not the authorization of a new proceeding against the Secretary of Health, Education and Welfare, but is, in effect, a continuance of the original proceedings commenced by an applicant under the Social Security Act for disability benefits. Cf. Blackmar v. Guerre, 342 U.S. 512, 514–515, 72 S.Ct. 410, 96 L.Ed. 534. Seemingly, all that the Congress intended to be accomplished by such a review proceeding was to authorize a District Court in the District in which the applicant resides, to determine whether the factual findings of the Secretary are supported by substantial evidence and, if so, whether the Referee correctly applied the law to those facts. Johnson v. Hobby, D.C.R.I.1955, 131 F. Supp. 497; Ayers v. Hobby, D.C.Va.1954, 123 F.Supp. 115; Holland v. Altmeyer, D.C.Minn.1945, 60 F.Supp. 954. Thus, the type of action so provided by the Congress partakes of one by way of certiorari from a District Court to a particular officer of the Government. 14 C.J.S. Certiorari § 46, p. 194. In that respect, such an action is to be considered only as one authorizing "a transfer of the case from the (Secretary) to the District Court—a continuation of the same proceeding before another tribunal" [342 U.S. 512, 72 S.Ct. 411] for the purpose of review as to which the personal appearance of the Secretary before the District Court is not necessary to a determination of the issues raised therein. Cf. Blackmar v. Guerre, supra. In such a statu-

tory action especially authorized by the Congress, all that is before the District Court is the "record" made in the proceedings had in respect to a person's claim for Social Security benefits and, as above stated, the disposition to be made thereof is a limited one.

There is no question here about the timely commencement of the instant action. The plaintiff instituted this action as provided in section 205(g), supra, within sixty days after he was notified of the decision of the Secretary. Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A., provides that "A civil action is commenced by filing a complaint with the court."

The failure to serve the only named defendant in this action with process within the sixty-day period fixed for the commencement of this action does not militate against this Court's jurisdiction over the subject matter of this review proceeding. Cf. Messenger v. United States, 2 Cir.1956, 231 F.2d 328; Fleming v. Weisberg, D.C.N.Y.1947, 7 F.R.D. 47; Carvalho v. Doe, D.C.Hawaii 1947, 7 F.R.D. 469. To obtain jurisdiction of the person of defendant, service of a copy of the summons and complaint may still be made upon the Secretary, though the present service of process so far had in this action may be considered as incomplete and ineffective to give this Court full jurisdiction in the premises. Cf. C. J. Wieland & Son Dairy Products Co. v. Wickard, D.C.Wis.1945, 4 F.R.D. 250.

The more difficult problem here relates to the manner in which service of such process is to be made on the Secretary, in light of the provisions of Rule 4(d) (5) and 4(f), Federal Rules of Civil Procedure. Rule 4(d) (5) provides that process shall be served "upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. If the agency is a corporation the copy shall be delivered as "provided in Rule 4(d) (3) of this subdivision of this rule." Service on the United States is regulated by Rule 4(d) (4) which requires delivery of a copy of the summons and complaint to the United States Attorney or one of his assistants or employees, and mailing a copy to the Attorney General at Washington. Rule 4(f) limits service of process "within the territorial limits of the state in which the district court is held." Hence, the matter of bringing the Secretary into court in this case involves a number of distinct questions. First, there is the question, what is effective service upon the Secretary and how must process be served upon him; then there is the problem of the territorial limits of effective service; and also there are questions of jurisdiction and venue. Presumably, it would be enough in a statutory review proceeding such as this that service of process could be made on the appropriate administrative official within the district where such action is authorized to be brought. However, it has been held that service of process on a regional director, attorney, local or similar subordinate officers is not effective service on a superior officer. Cf. Scientific Mfg. Co. v. Walker, D.C., 40 F.Supp. 465; Waterman v. Somervell, D.C., 34 F.Supp. 695; International Molders Union of North America v. N. L. R. B., D.C., 26 F.Supp. 423. And again, in light of the mandate of Rule 4(f) relating to the territorial limits on effective service of process, it has been held that in a review action under section 205(g), supra, where the "Social Security Administration" was named as a party defendant, service of process upon the District Director of the Social Security Administration was ineffective. Cf. Lemmon v. Social Security Administration, D.C.S.C.1957, 20 F.R.D. 215. The decision in the last-cited case, however, did not necessitate a holding that personal service of process upon the Secretary in the state was required by Rule 4(d) (5), as all that was necessary to sustain the Court's ruling in that case was to hold that the Social Security Administration

is not a proper party defendant in an action under section 205(g), supra.

 In light of the foregoing, if any vitality is to be given to the right of review as provided in section 205(g), supra, said section must be construed as dispensing with "the territorial limits" for service of process as set forth in Rule 4(f), supra, and be considered as one within the ambit of said rule providing for service of process beyond the territorial limits of the District Court in which such a review action by authority of the Congress may be brought. Cf. First National Bank of Canton, Pa. v. Williams, 252 U.S. 504, 510, 40 S.Ct. 372, 64 L.Ed. 690; United States v. Congress Construction Co., 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163; United States for Use and Benefit of Johnson v. Morley Construction Co., D.C.W.D.N.Y.1936, 17 F.Supp. 378. Hence, effective service of process in a review action such as here, may be had upon the Secretary of Health, Education and Welfare wherever he may be found.

Notwithstanding the personal service had on the United States District Attorney for the District in the instant case, and service on the Attorney General of the United States as provided in Rule 4(d) (4), Federal Rules of Civil Procedure, it is still incumbent upon plaintiff to obtain personal service upon the Secretary of Health, Education and Welfare, before this Court may proceed in the premises.

For the benefit of plaintiff, who filed this action without the assistance of counsel, it is suggested that such service of process may be made as follows. The plaintiff should provide the Clerk of this District Court with one additional copy of his complaint, and direct the Clerk to issue an alias summons directed to defendant, and after the issuance thereof the Clerk should deliver same to the United States Marshal for this District, with instructions to the Marshal to forward same, together with a copy of the summons, to the United States Marshal for the District of Columbia, with directions to that Marshal that same be served personally on the Secretary of Health, Education and Welfare, and return of such service be duly made on the copy of summons and same returned to this Court.

Defendant's motion to quash service of process and return of service is overruled. Ruling on defendant's motion to dismiss this action will be stayed for a reasonable period of time, to permit plaintiff to comply with the foregoing. Plaintiff should undertake to obtain service of process as above on the Secretary of Health, Education and Welfare with all reasonable dispatch.

It is so ordered.