George R. **HALL**, Plaintiff,

v.

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE of the United States Government, Defendant.

Civ. A. 12418.

United States District Court
S. D. Texas,
Houston Division.

March 16, 1960.

Musick, Musick & Heath, Ted Musick, Houston, Tex., for plaintiff.

William B. Butler, U. S. Atty., Randolph F. Wheless, Jr., Houston, Tex., for defendant.

HANNAY, Chief Judge.

On the 26th day of November, 1958, plaintiff attempted to bring this suit by filing same against the Department of Health, Education, and Welfare for an award of Social Security benefits which plaintiff alleges was improperly denied by a prior administrative ruling of the department.

The defendant has moved to dismiss this action for the reasons that it claims there is no jurisdiction over the subject matter of the action or person of the defendant because the suit is against the sovereign where there is no waiver of immunity.

On August 15, 1959, the plaintiff moved for leave to amend his pleadings to bring in the Secretary of the Department of Health, Education and Welfare should it be found that the Secretary is an indispensable party to this action.

Judicial review of the final administrative determinations of claims for old age benefits under 42 U.S.C.A. § 401 et seq. (Federal Old Age, Survivors, and Disability Insurance Benefits) is provided in 42 U.S.C.A. § 405(g) and (h). The pertinent parts read as follows:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in

controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision * * *. As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by *substantial evidence, shall be conclusive* * * *.

"(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter."

 A departmental agency of the government is not suable *eo nomine* unless specifically made so by waiver of sovereign immunity. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 412, 96 L.Ed. 534; Thomason v. WPA, 9th Cir., 138 F.2d 342; Lemmon v. Social Security Administration, D.C., 20 F.R.D. 215. In Lemmon v. Social Security Administration, supra, the action was taken directly against the Social Security Administration without naming the Secretary of Health, Education and Welfare a party defendant. The complaint was dismissed for failure to name the Secretary who was an indispensable party and the only proper party defendant.

Any waiver of sovereign immunity should be strictly construed. Zel-

ler v. Folsom, D.C., 150 F.Supp. 615. Accordingly, an attempted substitution of a party defendant in order to bring before the Court the indispensable party in an action which is, in effect, a suit against the sovereign must be made within the period of time specified in the statute waiving governmental immunity. Mellon v. Arkansas Land Co., 275 U.S. 460, 48 S.Ct. 150, 72 L.Ed. 372. This was not done. Therefore, jurisdiction is not invoked until the statutory conditions requisite to the waiver of sovereign immunity have been complied with.

It therefore follows that plaintiff's motion for leave to amend and substitute party defendant should be denied and that defendant's motion to dismiss should be granted, and it is

So ordered.

Clerk will notify counsel.