Carl **COHN**, Plaintiff,

v.

**FEDERAL SECURITY ADMINISTRATION**, Defendant.

Civ. 9228.

United States District Court
W. D. New York.
Nov. 21, 1961.

Lipsitz, Green, Fahringer & Fleming, Buffalo, N. Y. (Eugene W. Salisbury, Buffalo, N. Y., of counsel), for plaintiff.

John T. Curtin, U. S. Atty., Buffalo, N. Y. (C. Donald O'Connor, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

HENDERSON, District Judge.

The complaint in this action is brought for review of a decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for a period of disability and disability insurance under the Social Security Act. Review is authorized by an action in this court against the Secretary, presently Abraham A. Ribicoff, under Title 42 U.S.C.A. § 405(g). Although appropriate service of the summons and complaint was effected on the United States, the action was erroneously

laid against the Federal Security Administration, a non-existent agency.[1]

The Government has now moved to dismiss the action, among other reasons, because plaintiff has failed to join the Secretary of Health, Education and Welfare who is an indispensable party to the action. See Lemmon v. Social Security Administration, 20 F.R.D. 215 (E.D.S.C. 1957). Plaintiff, in response, has moved for leave to serve an amended complaint substituting Secretary Ribicoff for the defendant now named. In urging that he be permitted to amend, plaintiff states that the time in which he could commence an action against the Secretary under the statute had expired prior to defendant's notice of motion, with the result that denial of his motion will preclude the review which he seeks.

▮▮ It is well established that the right of action sued upon is in effect an action against the United States and further that section 405(g) of Title 42 constitutes a limited waiver of immunity by the United States which must be strictly construed. Zeller v. Folsom, 150 F.Supp. 615 (N.D.N.Y.1956). By failing to sue the proper party defendant, plaintiff has neglected to comply with one of the conditions imposed by section 405(g).

▮ If this court could, by permitting amendment of the complaint, save plaintiff's cause of action, it would do so. However, it seems clear that changing the name of the defendant to the present Secretary of Health, Education and Welfare would amount to the commencement of a new proceeding and would not relate back in time so as to avoid the statutory provision [Title 42 U.S.C.A. § 405(g)] that suit be brought within sixty days after notice of the final administrative decision. See Davis v. L. L. Cohen & Co., 268 U.S. 638, 642, 45 S.Ct. 633, 69 L.Ed. 1129 (1925); Schramm v. Poole, 97 F.2d 566, 572 (9th Cir., 1938); Lomax v. United States, 155 F.Supp. 354 (E.D. Pa.1957).

Plaintiff's motion is denied. Defendant's motion is granted. So ordered.[2]

1. Personal service of the summons and complaint was not performed on the Secretary of Health, Education and Welfare, as would be required in an action in which he was named defendant. Federal Rules of Civil Procedure, Rule 4(d) (5), 28 U.S.C.A. Davis v. Flemming, 23 F.R.D. 139 (W.D.Mo.1959).

2. The decision here reached is further supported by the following three district court decisions (not heretofore reported) involving similar questions arising under the Social Security review statute: Cunningham v. United States, W.D.Mo., S.W. Div., Civil No. 1485, 199 F.Supp. 541 (Feb. 18, 1959); Sandridge v. Folsom, M.D.Tenn.Columbia Div., Civil No. 463, 200 F.Supp. 25 (Sept. 11, 1959); Hall v. Department of Health, Education and Welfare, S.D.Tex., Houston Div., Civil No. 12,418, 199 F.Supp. 833 (Mar. 16, 1960).