**WINNESHIEK MUTUAL INSURANCE ASSOCIATION, Plaintiff,**

v.

**FARMERS HOME ADMINISTRATION, Defendant.**

**Civ. No. 63–C–522–EC.**

United States District Court
N. D. Iowa, E. D.

Sept. 4, 1964.

**692**

Isadore Meyer, Meyer & Keefe, Decorah, Iowa, for plaintiff.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for defendant.

McMANUS, District Judge.

This matter is before the court on the Motion to Dismiss of defendant, Farmers Home Administration (FHA), filed January 3, 1964, and plaintiff's resistance thereto. In its complaint, plaintiff seeks damages allegedly resulting from defendant's release, on December 15, 1958, of a mortgage on premises insured by plaintiff, contrary to an alleged agreement between the parties.

The Motion contends that FHA is not a suable entity and that this court is without jurisdiction of the person and subject matter.

In its complaint, plaintiff states that this action is brought under the Bankhead-Jones Farm Tenant Act (Bankhead-Jones Act), 7 U.S.C.A. § 1001 et seq. and The Consolidated Farmers Home Administration Act of 1961 (Consolidated Act of 1961), 7 U.S.C.A. § 1921 et seq. The latter Act, which became effective on October 15, 1961 repealed the Bankhead-Jones Act. See Title 7 U.S. C.A. § 1921 et seq. Section 1981 of Title 7 U.S.C.A. provides in 'part that the Secretary of Agriculture " * * * may assign and transfer such powers, duties, and assets to the Farmers Home Administration. * * * " From the last cited Section, it is the view of the court that FHA is merely an administrative agency of the Department of Agriculture. Furthermore, the court has been unable to find any act of congress constituting FHA a body corporate or authorizing it to be sued in its own name. In 91 C.J.S. United States § 178, the following language is found:

"* * * A department of the United States government is not a legal entity and may not be sued. A governmental agency created by the United States, such as a board or commission is not a suable entity unless congress has constituted it a body corporate or authorized it to be sued eo nomine. * * * Where congress authorizes an agency to be sued eo nomine, it does so in explicit language or impliedly because the agency is the offspring of a suable entity. * * * "

In order for an agency of the government to be sued in its own name, the congressional act creating such agency must so provide. Lemmon v. Social Security Administration, 20 F.R.D. 215 (1957). Since congress has not authorized suit against FHA, any action against it would be the equivalent of a direct suit against the government which cannot be maintained in the absence of congressional waiver of sovereign immunity. Lemmon v. Social Security Administration, supra; Robert Hawthorne, Inc. v. United States Department of Interior, 160 F.Supp. 417 (E.D.Pa.1958).

For the foregoing reasons, it is therefore

Ordered

That defendant's Motion to Dismiss, filed January 3, 1964, is sustained, and plaintiff's action is dismissed.