342 F.2d 481
 L. E. WHITE et al., a Partnership, t/a Humes Distributing
Co., Petitioners,
v.
UNITED STATES of America, Respondent. its business but face
of statute as defendant in pleadings was not
wholesaler's malt beverage permit.
Federal 201 et seq., 204 and
subds. (a)(2),
 No. 17281.
 United States Court of Appeals Eighth Circuit.
 March 9, 1965.
 
 Robert H. Walker, of Boyd, Walker & Concannon, Keokuk, Iowa, J. A. Concannon and David B. Hendrickson, of Boyd, Walker & Concannon, Keokuk, Iowa, for petitioners.
 Patrick M. Ryan, Atty., Dept. of Justice, William H. Orrick, Jr., Asst. Atty. Gen., Robert B. Hummel, Atty., Dept. of Justice, and William Hare, Atty., Alcohol and Tobacco Tax Legal Div., Office of Chief Counsel, Internal Revenue Service, Washington, D.C., for respondent.
 Before JOHNSEN, Chief Judge, and MATTHES and MEHAFFY, Circuit Judges.
 JOHNSEN, Chief Judge.
 
 
 1
 This is a proceeding to review and set aside an order of an Assistant Regional Commissioner, Alcohol and Tobacco Tax, Internal Revenue Service, annulling a wholesaler's basic permit on malt beverages.[1] The permit was issued under 27 U.S.C.A. 204(a)(2) to a partnership, consisting of petitioners as members, using the name Humes Distributing Co., and located at Keokuk, Iowa.
 
 
 2
 The statute, 27 U.S.C.A. 204(h), denominates the proceeding as an 'appeal'. Jurisdiction is made to vest from a mere filing in the court of appeals, within a prescribed time, of 'a written petition praying that the order of the Secretary (of the Treasury) be modified or set aside in whole or in part'.
 
 
 3
 Until amendment of the statute in 1958, capturing process, by way of legal service of a copy of the petition upon the Secretary and responsive filing of a certified transcript of the record by him pursuant thereto, was necessary to perfect or complete jurisdiction in the court. The old statute, 49 Stat. 980, 4(h), provided: 'A copy of such petition shall be forthwith served upon the Secretary, or upon any officer designated by him for that purpose, and thereupon the Secretary shall certify and file in the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript, such court shall have exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part'.
 
 
 4
 Public Law 85-791, 14, enacted in 1958, 72 Stat. 941, 946, abolished the prescription for capturing process, in the Secretary's having to be 'served' and to make responsive record-filing pursuant thereto as a basis for the creation of jurisdiction, and caused the filing of a petition itself, as noted above, to vest the court with complete jurisdiction. The previous requirement that the Secretary (or his delegate) be 'served' was converted into a direction that the clerk of the court simply transmit a copy of the petition to the Secretary, or the officer designated by him for that purpose, and that 'thereupon the Secretary shall file in the court the record upon which the order complained of was entered * * *.' Since neither of these elements is under the amended statute made a requisite to the acquiring or vesting of judicial jurisdiction, they necessarily are incidents of procedural aspect and significance only.
 
 
 5
 The legislative history of Public Law 85-791 makes clear that one of the things which it was intended to accomplish was elimination of the conditions and delays in 'the acquisition of full jurisdiction by a Federal appellate court' which were involved under certain existing statutes for review of orders of administrative officers and agencies (among them the Federal Alcohol Administration Act) and 'to provide that * * * the reviewing court shall acquire jurisdiction upon the filing of a petition on review'. See 1958 U.S. Code Cong. and Adm. News, p. 3996, 3997 and 3998.
 
 
 6
 Thus, both from the language of the statute and its legislative history, there can be no question but that jurisdiction to review and to affirm or set aside the Secretary's order here involved became fully vested in the court upon the filing of the partnership's petition 'praying that the order of the Secretary be * * * set aside * * *'. Though the expression as to petition requirement thus is meager, it would, we think, naturally imply that there had to be an identification of the order sought to be reviewed such as to demonstrate that it was one of which the court could have jurisdiction. Beyond this, it would also seem to be implicit that there had to be set out grounds for attack upon the order such as legally to indicate that there existed basis to call upon the court to engage in a review.
 
 
 7
 These elements are contained in the petition here. It is contended, however, that the pleading is not sufficient to give the court jurisdiction because it does not captionally name the Secretary as respondent. But, as we have stated, no step of processive service for acquiring or completing jurisdiction was involved, so that no caption designation was necessary to enable that legal purpose to be served. In this situation, failure of the petition to contain a proper caption would have to be regarded as being at most procedural carelessness or irregularity; it could not be held to constitute a jurisdictional defect since no step had to be taken in dependence upon it for the acquiring or completion of jurisdiction.
 
 
 8
 The possibility that such a pleading informality may occur in a proceeding of this nature has been recognized by our Rule 27(a) and been attempted to be prevented by a direction in the rule that 'the agency, board, commission or officer concerned shall be named as respondent'. But again, this amounts to a procedural direction only, since we have no statutory power to impose any jurisdictional prescription or condition. Failure to comply with the direction might in appropriate circumstances afford a basis to dismiss the petition for disobedience or neglect, but it could not give rise to a jurisdictional defect or void.
 
 
 9
 Here the body and the prayer of the petition made wholly clear the date and character of the order (copy of it was attached); the officer by whom the order had been issued as the Secretary's delegate; the grounds upon which it was being attacked; and the relief sought against it. In addition, preceding the body of the petition there had been placed the following general heading: 'Petition for Review of Order of Honorable W. M. Heflinger, Assistant Regional Commissioner, Alcohol and Tobacco Tax Division, Internal Revenue Service, U.S. Treasury Department, Omaha, Nebraska'.
 
 
 10
 It may incidentally be added that the clerk of the court had no difficulty in being able to carry out the procedural direction of the statute to transmit a copy of the petition to the Secretary or his delegate. And the Secretary has claimed no difficulty in relation to the direction to file in the court the record upon which the order was entered. Thus there could not even be basis for a claim of procedural prejudice.
 
 
 11
 We accordingly hold that no question of jurisdiction is involved in the situation and that the contention in the brief of the Department of Justice and the Alcohol and Tobacco Tax Legal Division in this respect is without basis. This applies also to the further point to which the contention has been attempted to be pushed. It is argued that regardless of what is shown by the heading, the body and the prayer of the petition, the fact that petitioners saw fit to place above all this a purported title naming themselves as petitioners 'vs. United States of America, Respondent' deprived the court of jurisdiction, because the United States cannot be 'sued' in an attack on the Secretary's order.
 
 
 12
 Here again it may be repeated that the proceeding does not involve under the statute the bringing of a suit or action, with its necessary incident of capturing process and with the elements of issuance and service thereof having ordinarily to be dealt with on the basis of pleading entitlement. As has been emphasized, no capturing process is necessary to bring the Secretary into court. Where a petition is filed plainly showing that an order has been issued by the Secretary or his delegate, that it is of such a nature as the statute gives the court authority to review, and that this is what it is being sought to have the court do, the Secretary is automatically in court.
 
 
 13
 This, of course, does not mean that the United States as such thereby is or can be brought into court. Since the statute neither requires nor authorizes any capturing process, there exists no way in which an attempt could be made to bring it there. And no such attempt was here made. Thus the fact that there was an artificial naming of the United States as respondent, which there was no way legally that could be carried any farther as to the proceeding, could not in the circumstances involve an attack upon its sovereign immunity or even constitute an affront thereto.
 
 
 14
 Such naked use of the words 'United States of America, Respondent', could therefore not have the status in the situation of anything except mere surplusage. It was without any capacity to prejudice or mislead as against the heading, the body and the prayer of the petition. And it could not operate to raise any question as to the Secretary's being in court, since, as noted, the statute prescribes no pleading entitlement as a basis for jurisdiction, nor does it impose any requirement as a basis for acquiring jurisdiction that could be dependent thereon.
 
 
 15
 Repeating what has been said, jurisdiction exists here from the petition's demonstration of the Secretary's having issued an order; of its being of a character which the statute authorizes the court to review; of its having basis for legal attack upon it; and of the 'petition praying that the order of the Secretary be modified or set aside in whole or in part'.
 
 
 16
 Distinction must be recognized between the review proceeding here involved and those which as to certain administrative agencies are allowed only to be had through 'a civil action commenced * * * in the district court'-- for example, under the Social Security Act, 42 U.S.C.A. 405(g). Such actions, like other civil actions, are subject to the prescriptions of the Federal Rules of Civil Procedure, 28 U.S.C.A., as to the designation of parties to be made in the complaint (Rule 10), and as to the issuance of process related thereto (Rule 4), to be engaged in for the acquiring of jurisdiction.
 
 
 17
 Where, as under the Social Security Act, the statute authorizes suit to be brought against an officer for such purpose, there can be but little argument that it is necessary that he be designated as defendant, and that process be thus issued and served upon him, in order to enable the court to obtain jurisdiction. Engaging in some other designation, with process being issued and served on the basis thereof, such as naming the United States as defendant in the officer's stead and serving process upon it, cannot, of course, give the court review jurisdiction.
 
 
 18
 But the cases dealing with those statutes and situations, such as Cunningham v. United States, 199 F.Supp. 541 (D.C.W.D.Mo.1958), Hall v. Dept. of Health, Education and Welfare, 199 F.Supp. 833 (D.C.S.D.Tex.1960). Cohn v. Federal Security Administration, 199 F.Supp. 884, (D.C.W.D.N.Y.1961), and Lemmon v. Social Security Administration, 20 F.R.D. 215, (D.C.E.D.S.C.1957) have no application here. (See also Mellon v. Arkansas Land & Lumber Co. (1927), 275 U.S. 460, 48 S.Ct. 150, 72 L.Ed. 372). As stated, they involve the institution of a suit, where process is necessary to obtain jurisdiction and party designation is of significance in that relation.
 
 
 19
 Beyond the question of jurisdiction here to review the order, which we have answered, the briefs have engaged in argument, and submission has been made, of the case upon its merits. The language of the statute, however, suggests a question which has not been covered by the briefs, but which goes to the Secretary's legal authority in the situation.
 
 
 20
 The annulment proceeding involved was instituted after the partnership-permittee had purportedly sold its business to a changed ownership; after the business was claimed to have been taken over by the purported purchasers; and after they had made application, within the time allowed by the statute for preserving the continuity of business, to have a new basic permit issued in their favor.
 
 
 21
 From the indication in the briefs and record, it does not appear that final action was taken upon the application for a new permit, but instead, by reason of information uncovered in the preliminary investigation made as to the application, annulment steps were engaged in as to the old permit, on the grounds that it had been obtained through misrepresentation and concealment of material fact as to the ownership of the business.
 
 
 22
 The statute, 27 U.S.C.A. 204(g), as here pertinent, provides: 'A basic permit shall continue in effect until suspended, revoked, or annulled, as provided herein, except that * * * (2) * * * if actual or legal control of the permittee is acquired, * * * whether by stock-ownership or in any other manner, by any person, then such permit shall be automatically terminated at the expiration of thirty days thereafter: Provided, That if within such thirty-day period application for a new basic permit is made by the transferee or permittee, respectively, then the outstanding basic permit shall continue in effect until such application is finally acted on by the Secretary of the Treasury'.
 
 
 23
 It is the proviso which raises the question suggested: Does the Secretary have authority to engage in an annulment proceeding as to a permit, if the permittee has transferred its business; if control of the business has been taken over by the transferee; if the transferee has made application for a new permit within thirty days; and if final action has not been taken upon such application?
 
 
 24
 On the language of the proviso, under these conditions, 'the outstanding basic permit shall continue in effect until such application is finally acted on by the Secretary of the Treasury'. H.R. Report No. 1542, 74th Cong. 1st Sess., which accompanied H.R. 8870 (Federal Alcohol Control Bill), in its discussion of 'Transfer of permits', refers to the 'continuity of operation of the business' and states: 'For the purpose of caring for situations that arise through transfers by operation of law or through acquisition, for instance, of control of an existing permittee by acquisition of its stock, provision is made for the continuance of the old permit, but only for a limited time, pending application for a new permit and action by the Administrator thereon'.
 
 
 25
 Because of the significance of the question in the administration of the statute, the parties are requested, if the application for a new permit was here left in the status suggested by the briefs and record, to file supplemental briefs upon such question. The supplemental briefs of both parties are to be filed within 30 days from the date of this opinion. The briefs may be typewritten and in a total of five copies.
 
 
 26
 Summarizing, the objection to jurisdiction, as above discussed, is hereby overruled. The submission heretofore made as to the other aspects of the case is vacated. Upon the filing of supplemental briefs as directed, the case will again be taken under submission for determination of whatever questions are necessary to effect its disposition, on the record filed, the previous briefs, and the supplemental briefs, without further oral argument.
 
 
 27
 So ordered.
 
 
 
 [1]
 The Secretary of the Treasury has delegated to the Assistant Regional Commissioners and the Director, Alcohol and Tobacco Tax Division, Internal Revenue Service, authority to exercise his powers under the Federal Alcohol Administration Act to grant, refuse, suspend, revoke and annul basic permits. See 17 Fed.Reg. 7437: 26 CFR 200.108; 27 CFR 1.57