Vance SIMMONS, Appellant,

v.

UNITED STATES of America DEPARTMENT OF HEALTH, EDUCATION & WELFARE, SOCIAL SECURITY ADMINISTRATION.

No. 14322.

United States Court of Appeals
Third Circuit.

Argued Oct. 22, 1963.

Decided Feb. 24, 1964.

---

———◇———

Vance Simmons, pro se.

Vincent J. Commisa, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., F. Michael Caruso, Asst. U. S. Atty., on the brief), for appellee.

Before STALEY and GANEY, Circuit Judges, and NEALON, District Judge.

PER CURIAM.

Appellant Vance Simmons, acting pro se, filed this action in the district court to obtain judicial review of a final decision of the Secretary of Health, Education, and Welfare denying Simmons' request for review of a hearing examiner's decision that he was not entitled to benefits under the Social Security Act. This appeal was taken from the order of the district court dismissing the complaint upon the motion of the United States Attorney.

Section 205(g) of the Social Security Act provides in relevant part:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a reveiw of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C.A. § 405(g).

Although Simmons filed this suit within sixty days after notice of the Secretary's decision was mailed to him, the caption of the petition he filed in the district court named the "United States of America Department of Health, Education & Welfare Social Security Administration, Defendants." The United States Attorney moved to dismiss the complaint on the grounds of failure to join an indispensable party, i. e., the Secretary of Health, Education, and Welfare. The district court granted the motion, holding that the Secretary was not only an indispensable party but the only proper party defendant under § 205(g) and (h) of the Social Security Act. Although Simmons had amended his complaint to substitute the Secretary as a party defendant after he received notice of the motion to dismiss, the court held the amendment ineffective because filed more than sixty days after the mailing of notice of the Secretary's decision.

At the oral argument of this appeal, the Assistant United States Attorney agreed with the view expressed by this court that this would appear to be a

particularly appropriate case for the Secretary to exercise the discretion vested in it[1] by § 205(g) of the Social Security Act to extend the time for obtaining review of its decision. Accordingly, he agreed to apply for such an extension on behalf of the appellant, and we have been informed that an extension has been granted. Since the appellant has already amended his complaint to substitute the Secretary as a party defendant, the cause will be remanded to the district court for further consideration in the light of these circumstances.

---

1. In § 205(g) of the Act, the Secretary is referred to by this impersonal pronoun.