Peter J. BRENNAN, Secretary of
Labor, Petitioner,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION and
S. J. Otinger, Jr., Construction Company, Respondents.

No. 73-3068.

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 1974.

Neil H. Koslowe, Morton Hollander, Civil Div., Appellate Section, Dept. of Justice, William J. Kilberg, Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., for petitioner.

William McLaughlin, Executive Sec., Occupational Safety & Health Review Commission, Washington, D. C., George White, Gadsden, Ala., Allen H. Sachsel, Atty., Occupational Safety & Health Review Commission, Washington, D. C., for respondents.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The Secretary of Labor (Secretary) pursuant to Section 11(b) of the Occupational Safety and Health Act of 1970 (Act) has petitioned this Court to decide whether the Occupational Safety and Health Review Commission (Commission) had jurisdiction to reconsider an order made final by operation of Section 12(j) of the Act,[1] Title 29, U.S.C., § 661(i). We grant the petition for review, holding that the Commission lacked jurisdiction to reconsider its final order.

---

1. Section 12(j) provides, in pertinent part: "The report of the hearing examiner shall become the final order of the Commission within thirty days after such report by the hearing examiner, unless within such period any Commission member has directed that such report shall be reviewed by the Commission." 29 U.S.C., § 661(i).

The facts pertinent to this appeal, while complex, are uncontroverted. On September 5, 1972, the Secretary cited the S. J. Otinger, Jr., Construction Company (Otinger) for a serious violation of the Act,[2] specifying unsafe blasting procedures.[3] Otinger timely filed with the Secretary a notification of intent to contest the citation, which was then forwarded by the Secretary to the Commission. The Secretary promptly initiated pleadings by filing a complaint with the Commission. The Commission assigned a hearing examiner to preside over the matter. When no timely answer[4] was filed by Otinger, the Secretary moved the hearing examiner to dismiss the action, which motion was granted. The Commission sent notice to all parties concerned that the hearing examiner's ruling was received on November 29, 1972, and, unless a Commission member directed review, the ruling would become the final order of the Commission on December 29, 1972. Title 29, U.S.C., § 661(i).

On December 14, 79 days after the complaint was received,[5] but 16 days after the hearing examiner's dismissal ruling was issued, Otinger first filed its answer with the Commission. On December 21, referring to Otinger's answer as a "Petition for Reconsideration", the Secretary filed with the Commission a motion to deny Otinger's petition on grounds of untimeliness and prejudice to the Secretary's case by virtue of the delay. On December 29, the hearing examiner's dismissal became the final order of the Commission; no Commission member had directed review.

This did not end the matter, however, for on January 23, 1973, the Commission received a Petition for Reinstatement of Notice of Contest from Otinger's attorney, the basis of which was grounded in Otinger's alleged confusion resulting from its attempt to handle the matter *pro se* prior to December 8, 1972, when it sought and received legal counsel. Nothing more took place regarding this matter until March 14, 1973, when the Commission ordered the case reinstated and called for a hearing on April 26, 1973, "without prejudice to the Secretary raising the issue of prejudice at the hearing." The Secretary refused to participate in any further proceedings, consistently alleging that the Commission lacked jurisdiction to reinstate the case

---

2. Section 5(a)(2), Title 29, U.S.C., § 654(a)(2), provides that every employer affecting commerce "shall comply with occupational safety and health standards promulgated under this chapter."

Section 17(k), Title 29, U.S.C., § 666(j), provides in pertinent part, that "a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

3. The Secretary described the alleged violation as follows: "The employer failed to furnish his employees a safe work place in that the employer did not make an inspection of a blast area and the surrounding rubble made by the blast to determine if all charges had been exploded before the employees were allowed to return to work in the blast area."

The Safety Regulation allegedly violated, 29 CFR § 1926.910(b), states, in pertinent part, that "sufficient time shall be allowed . . . for the smoke and fumes to leave the blasted area before returning to the shot. An inspection of the area and the surrounding rubble shall be made by the blaster to determine if all charges have been exploded before employees are allowed to return to the operation . . . ."

4. 29 CFR § 2200.33(b) allows the party against whom the complaint was issued fifteen days after service of the complaint within which to file an answer. Failure to comply may result in a waiver of the right to participate in further proceedings. 29 CFR § 2200.38.

5. The record contains a receipt for certified mail indicating that Mrs. Otinger, the Company President's wife, acknowledged receipt of the complaint on September 26, 1972 on behalf of the Company.

following its final order of December 29.[6] We agree.

■ Since the Commission is no more than a creature of Congress and, as such, may proceed only in conformity with its congressional grant of authority, we look to the Act for a delineation of the powers of the Commission. Civil Aeronautics Board v. Delta Air Lines, Inc., 1961, 367 U.S. 316, 81 S.Ct. 1161, 6 L.Ed.2d 869; United States v. Seatrain Lines, 1947, 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396. The Act is specific as to the Commission's responsibilities in the event an employer chooses to contest a citation. Upon notification by the Secretary that the employer wishes to contest, the Commission initiates steps leading to a full-blown hearing, to include the appointment of an administrative law judge (ALJ) to preside over the hearing. Title 29, U.S.C., § 661. The ALJ is specifically charged with responsibility to adjudicate all issues before him, including motions to dismiss if justified. 29 CFR § 2200.66. After both sides have presented their evidence and have had an opportunity to file written briefs, 29 CFR § 2200.76, the ALJ shall render his decision and file his report with the Commission. 29 CFR § 2200.-90. This report, while the final adjudication of the ALJ, represents only the preliminary order of the Commission. The report must then go through a thirty day review period, during which sole jurisdiction over the matter resides in the Commission. 29 CFR § 2200.90(b). During this thirty day period, any Commission member may direct review, at which time the statutory limitation is tolled and the case is docketed for full Commission review. When the thirty day statutory limit has been allowed to run out, no Commission member having directed review, the report of the ALJ becomes the final order of the Commission by operation of law. Title 29, U.S.C., § 661(i). In those situations where review is timely directed, the Commission will issue its own order affirming, modifying or vacating the ALJ's order. Title 29, U.S.C., § 659(a). This Commission order then goes through its own thirty day review period, thus allowing the Commission time to reconsider. The statutory scheme clearly does not permit any order which purports to dispose of the entire controversy to become the final order of the Commission unless it has passed through a thirty day discretionary review period, within which no Commission member has directed full Commission review.[7] Once an order does achieve this finality, the sole statutory recourse for an aggrieved party is by petition to the appropriate court of appeals. Title 29, U.S.C., § 660. The statute makes no provision for further Commission consideration of the merits of the controversy.

6. Upon receipt of the Commission's notice of reinstatement, the Secretary moved that the newly assigned hearing examiner dismiss the case for lack of jurisdiction. The hearing examiner denied this initial motion on April 16, 1973, stating, "Since the case was reinstated by the Commission, this Judge is without authority to grant complainant's motion even if complainant's position is meritorious."

  At the April 26 hearing, the Secretary appeared for the sole purpose of renewing his motion to dismiss for lack of jurisdiction. The hearing examiner once again denied the motion, reiterating the grounds for his initial denial. When the Secretary refused to proceed with an evidentiary showing of the alleged violation, the hearing examiner vacated the November 29 order on the grounds that the government failed to uphold its burden of proof. The Secretary petitioned the Commission for discretionary review, once again alleging lack of jurisdiction. No action was taken regarding the petition. On July 2, 1973, the order of the hearing examiner which vacated the November 29 order became the new order of the Commission. The Secretary then initiated this petition for review.

7. In order to create a valid controversy in the first place, it is necessary for the employer to file his notice of contest within fifteen days after he receives the citation. If he fails to timely file this contest, the citation itself becomes the final order of the Commission and is not reviewable by any court or agency. Title 29, U.S.C., § 659(a); United States v. J. M. Rosa Construction Co., Inc., D.Conn.1973, 1 Occ.S. & H.Cas. 1188.

In spite of this clear statutory scheme, the Commission contends that since it has not adopted a dissimilar rule, Title 29 U.S.C., § 661(f) [8] requires that we read Rule 60(b), F.R.Civ.P. into the Act, thus giving the Commission power to set aside a final judgment if there has been, inter alia, excusable neglect. We find this contention to be without merit.

The Supreme Court in Civil Aeronautics Board v. Delta Air Lines, Inc., 1961, 367 U.S. 316, 334, 81 S.Ct. 1611, 1623, 6 L.Ed.2d 869, denied the CAB the right to reconsider one of its final decisions, stating:

> "In short, we do not find that prior authority clearly favors either side; however, to the extent that a broad observation is permissible, we think that both administrative and judicial feelings have been opposed to the proposition that the agencies may expand their powers of reconsideration without a solid foundation in the language of the statute."

Looking to the statute before us, it is clear that in addition to the thirty day discretionary review period, discussed supra, in which the Commission may reconsider its own decisions or those of its ALJ's, the Act specifically authorizes the Commission to reconsider and modify a final order, as to the abatement period only, when certain conditions precedent are met. The party against whom the citation was issued must show "a good faith effort to comply with the abatement requirements of a citation, and that abatement has not been completed because of factors beyond his reasonable control." Title 29, U.S.C., § 659(c). The Congressional intent for this portion of the Act was clearly explained by its drafter, the Senate Committee on Labor and Public Welfare:

> "It is anticipated that in many cases an employer will choose not to file a timely challenge to a citation when it is issued, on the assumption that he can comply with the period allowed in the citation for abatement of the violation. In some such cases the employer may subsequently find that despite his good faith efforts to comply, abatement cannot be completed within the time permitted because of factors beyond his reasonable control—for example, where the delivery of necessary equipment is unavoidably delayed. In order to prevent unfair hardship, the bill provides that in such instances the employer may obtain review and modification by the (Commission) of the abatement requirements specified in the citation, even though the citation has otherwise become final." 1970 U.S.Code Cong. and Admin.News p. 5192.

The intent of Congress was to confer a limited and specific power of review upon the Commission. It is clear that general jurisdiction to reconsider final orders was not contemplated.

In an article intended to provide a comprehensive interpretation of the Act's enforcement procedures, the Commission Chairman, Robert D. Moran, emphasized that, "(t)he time allowed the Commission to decide whether to review *cannot be extended.*" 24 Labor L.J. 387, 392 (July 1973). We agree, and accordingly hold that the authoritative and explicit statutory scheme rendered the Commission without jurisdiction to reconsider its final order of December 29, 1972. To allow the Commission to avail itself of Rule 60(b), F.R.Civ.P. in the situation here present would be to extend the limits of statutorily conferred jurisdiction through the expediency of a procedural rule, a result we cannot countenance. Sibbach v. Wilson & Co., Inc., 1941, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; Rule 82, F.R.Civ.P.

The petition for review is granted, and the final order of the Commission

---

8. § 661(f) provides, in pertinent part:
   "Unless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure."

dated July 2, 1973, is vacated. The Commission is directed to reinstate the previous dismissal order of December 29, 1972, as its final order.