**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**FORNEA ROAD BORING COMPANY,
INC., Defendant-Appellant.**

**No. 77–1684
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph L. McCoy, Jackson, Miss., for defendant-appellant.

Nancy L. Southard, Atty., Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Assoc. Sol., Allen H. Feldman, Asst. Council, Dept. of Labor, Washington, D. C., for plaintiff-appellee.

Before GOLDBERG, CLARK, and FAY, Circuit Judges.

PER CURIAM:

On April 15, 1974, appellant Fornea Road Boring Company was issued a citation for violation of the Occupational Safety and Health Act [OSHA]. Fornea duly contested this citation and was granted a hearing before a hearing examiner of the Occupational Safety and Health Review Commission [OSHRC].[1] The hearing examiner issued a decision and order on December 23, 1974, finding Fornea to have violated OSHA and assessing a $900 penalty. Fornea received a copy of that order, which contained the following notice:

> The decision in the above referenced case will become a final order of the Commission on
>
> <u>January 22, 1975</u>
>
> unless one or more members of the Commission directs review pursuant to Section 12(j) of the Act. <u>Parties will not receive further communication from the Commission unless a Direction for Review has been filed by one or more Commission members.</u>[2] (emphasis in original)

Fornea wrote to OSHRC on January 21, 1975, requesting that a Commission member direct review of the December 23, 1974 decision and order. No member directed review, and Fornea heard nothing further from OSHRC regarding the matter. On February 16, 1976, the United States brought this action pursuant to 29 U.S.C.A. § 666(k) to collect the $900 penalty. The district court entered judgment for the United States, and this appeal followed.

---

1. The OSHA enforcement scheme allows a hearing if a citation is contested and provides for both administrative and judicial review of the hearing examiner's decision. 29 U.S.C.A. §§ 659–61; *see Brennan v. Occupational Safety and Health Review Commission,* 502 F.2d 30, 32 (5th Cir. 1974).

2. 29 U.S.C.A. § 661(i) provides in part:

   . . . The report of the hearing examiner shall become the final order of the Commission within thirty days after such report by the hearing examiner, unless within such period any Commission member has directed that such report shall be reviewed by the Commission.

**1316**

Fornea's sole contention is that it was given no notice of the disposition of its request for review or that the hearing examiner's decision and order had become final, and that therefore it had no fair opportunity to appeal the adverse decision on the merits to the appropriate United States Court of Appeals.[3] To remedy this alleged denial of due process Fornea seeks to have its right to appeal the hearing examiner's adverse decision reinstated. Assuming without deciding that due process entitled Fornea to notice that the hearing examiner's decision had become the final order of OSHRC, we find that Fornea had such notice. The statute itself provides that the decision will become final in thirty days unless an OSHRC member directs otherwise within that period. Fornea was expressly told of this provision in the December 23, 1974 order, and it was also expressly informed that it would not receive further communication unless a member directed review. Fornea had notice that if it received no communication from OSHRC by January 22, 1975, the order had become final. The filing of a petition for review did not give Fornea a basis for believing that review was still being considered, for OSHRC was without jurisdiction to direct review after January 22, 1975. *Brennan v. Occupational Safety and Health Review Commission,* 502 F.2d 30 (5th Cir. 1974).

AFFIRMED.

---

**3.** Aggrieved parties have sixty days within which to appeal a final order of OSHRC to the United States Court of Appeals for the appropriate circuit. 29 U.S.C.A. § 660(a), (b).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.