614 F.2d 795
 7 O.S.H. Cas.(BNA) 2210, 1980 O.S.H.D. (CCH) P 24,204
HOERNER WALDORF PAN AMERICAN BAG CO., INC., Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondent,
Ray Marshall, Secretary of Labor, Co-Respondent.
 No. 79-1527.
 United States Court of Appeals,
First Circuit.
 Submitted Dec. 17, 1979.
Decided Jan. 15, 1980.
 
 Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., Washington, D.C., for Occupational Safety and Health.
 Allen H. Feldman, Washington, D.C., for Appellate Litigation, and John Bradley, Atty., U. S. Dept. of Labor, Washington, D.C., on motion to dismiss, for respondent, Secretary of Labor, Ray Marshall.
 Kenneth L. Sovereign, on memorandum in opposition thereto for petitioner.
 Before COFFIN, Chief Judge, and CAMPBELL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Respondent Secretary of Labor has moved to dismiss as untimely Hoerner Waldorf's petition for review of an order of the Occupational Safety & Health Review Commission (OSHRC).
 
 
 2
 Hoerner Waldorf was cited in 1978 for a safety violation and had a hearing before an administrative law judge (ALJ). On June 26, 1979, the ALJ formally notified the company of his decision upholding the citation. His notice recited that it "will become the final order of the Commission pursuant to 29 U.S.C. § 661(i) on July 26, 1979 unless a member of the Commission directs that it be reviewed." (Emphasis in original). On July 31, 1979 the OSHRC Executive Secretary notified Hoerner Waldorf that the company's petition for discretionary review was received by the Commission on July 20, and
 
 
 3
 "The petition having come on to be considered by the individual Commission Members and no Commission Member having directed review, the petition is deemed to be denied and the decision of the (ALJ) is a final order of the Commission.
 
 
 4
 Hoerner Waldorf filed its petition for review with this court on October 17, 1979.
 
 
 5
 Under 29 U.S.C. § 660(a), a party "aggrieved by an order of the Commission issued under (29 U.S.C. § 659(c)) may obtain review of such order in (an appropriate court of appeals) by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside." According to Hoerner Waldorf, the Commission's order in this case was the July 31 notification and this "order" did not become "final" for 30 days following its issuance, see 29 U.S.C. § 659(c). The company would then calculate the sixty day period for petitioning for judicial review from August 30, making the October 17 petition timely.
 
 
 6
 This argument proves too much. The report of the ALJ became the "final order of the Commission" on July 26. 29 U.S.C. § 661(i). July 26 was therefore the latest possible date* of the "issuance of such order," 29 U.S.C. § 660(a), from which the sixty day period for petitioning for review is calculated. September 24 being the last day for petitioning under § 660(a), the October 17 petition in this case was too late.
 
 
 7
 The petition is dismissed for lack of jurisdiction.
 
 
 
 *
 The relevant statutory provision might possibly be read as beginning the time for petitioning for judicial review at the issuance of the ALJ's report, here June 26. See 29 U.S.C. §§ 661(i), 660(a), 659(c). Such an interpretation would be anomalous, however, permitting petitioning for review of a non-final administrative order. The Secretary in this case and the Fifth Circuit, United States v. Fornea Road Boring Co., 565 F.2d 1314, 1316 & n. 3 (1978), take the view that the time for petitioning begins at the point where the ALJ's order becomes the final order of the Commission. See 29 U.S.C. § 661(i)