616 F.2d 346
 8 O.S.H. Cas.(BNA) 1076, 1980 O.S.H.D. (CCH) P 24,264
MIDWAY INDUSTRIAL CONTRACTORS, INC., Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION and Secretary
of Labor, Respondents.
 No. 79-2550.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Feb. 15, 1980.
Decided Feb. 29, 1980.
 
 Donald V. O'Brien and John C. O'Rourke, Jr., Chicago, Ill., for petitioner.
 Anthony J. Steinmeyer, App. Staff, Civ. Div., Dept. of Justice, John A. Bryson, U. S. Dept. of Labor, Washington, D. C., for respondents.
 Before PELL, SPRECHER and TONE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before the Court upon a petition for review of an order of the Occupational Safety and Health Review Commission finding the Midway Industrial Contractors, Inc., in violation of the Occupational Safety and Health Act of 1970. Respondent Secretary of Labor has moved to dismiss as untimely the petition for review. We grant the motion and thus dismiss the review proceedings.
 
 
 2
 On August 31, 1979, the Administrative Law Judge formally notified the company of his decision to uphold the Commission's citation of the company for a safety violation. His notice recited that the decision "will become the final order of the Commission pursuant to 29 U.S.C. § 661(i) on October 22, 1979, unless a member of the Commission directs that it be reviewed." When no Commissioner issued a direction for review on or before October 22, 1979, it became necessary for the company to file a petition for review in this Court on or before December 21, 1979 under the terms of 29 U.S.C. § 660(a). Section 660(a) provides that a party "aggrieved by an order of the Commission issued under * * * (29 U.S.C. § 659(c)) * * * may obtain review of such order in * * * (an appropriate court of appeals) * * * by filing in such court within sixty days following the issuance of such order a written petition praying that the order be modified or set aside." This petition for review, however, was not filed until December 27, 1979, or until after the sixty day period had expired.
 
 
 3
 The company argues excusable neglect in its failure to file a timely petition for review. As an exhibit to its memorandum opposing the motion to dismiss it tenders a copy of the law firm's diary showing that the failure to file a timely petition was caused by a miscalculation of its due date. The company asks us not to penalize the management of the company who had indicated its desire to obtain judicial review of the order because of the minor error in the lawyer's good faith efforts to implement the company's directive. Thus, the company requests that this Court enter a finding of excusable neglect which would retroactively validate the untimely petition for review. See Federal Rule of Appellate Procedure 4(a).
 
 
 4
 Unfortunately Rule 4(a) is not applicable to the conduct of proceedings which review administrative agency orders directly in this Court. Perhaps an excusable neglect provision similar to that contained in Rule 4(a) should be included in Federal Rule of Appellate Procedure 15, but at present no such procedure for excusing the late filing in these cases exists. We agree with the other circuits who have addressed this issue and conclude that the time for filing a petition for review is jurisdictional. See Hoerner Waldorf American Bag Co. Inc. v. OSHRC and Ray Marshall, 614 F.2d 795 (1st Cir. 1980); United States v. Fornea Road Boring Co., Inc., 565 F.2d 1314 (5th Cir. 1978); Brennan v. Winters Battery Mfg. Co., 531 F.2d 317, 323 (6th Cir. 1974), cert. denied, 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976).
 
 
 5
 For these reasons the petition is dismissed for lack of jurisdiction and without costs.