**CONSOLIDATED–ANDY, INC.,**
Petitioner,

v.

**Raymond J. DONOVAN, Secretary Of Labor, and The Occupational Safety and Health Review Commission, Respondents.**

No. 79–2828.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 13, 1981.

Gittinger & Gittinger, Williams H. Lemons, III, Cox & Smith Inc., San Antonio, Tex., for petitioner.

Domenique Kirchner, Allen H. Feldman, U.S. Dept. of Labor, Washington, D. C., James E. White, Regional Sol., Dallas, Tex., for respondents.

Before GOLDBERG, AINSWORTH and RUBIN, Circuit Judges.

GOLDBERG, Circuit Judge:

Petitioner Consolidated-Andy, Inc. ("Con-Andy") seeks review of an Occupational Safety and Health Review Commission ("OSHRC") order finding the company in violation of the Occupational Safety and Health Act of 1970 ("OSHA"). Respondent Secretary of Labor ("Secretary") has moved to dismiss Con-Andy's petition for review, arguing that the company's failure to file the petition timely denies this Court subject matter jurisdiction over the case. We grant the Secretary's motion and dismiss Con-Andy's petition for review.

On April 17, 1979, the Administrative Law Judge ("ALJ") formally notified Con-Andy of his decision to uphold the OSHRC's citation of the company for safety violations. His notice informed Con-Andy that the decision "will become the final order of the Commission on June 1, 1979 *unless* a member of the Commission directs that it be reviewed." (Emphasis in original.) The notification that the decision would become final on June 1, 1979 merely served to relate to Con-Andy the statutory mandate of 29 U.S.C. § 661(i): that an ALJ's decision becomes final in thirty days,[1] unless a Commissioner directs review of the ALJ's report within that time period. *See Midway Industrial Contractors, Inc. v. OSHRC*, 616 F.2d 346, 347 (7th Cir. 1980); *Hoerner Waldorf Pan American Bag Co., Inc. v. OSHRC*, 614 F.2d 795, 796 (1st Cir. 1980); *United States v. Fornea Road Boring Co., Inc.*, 565 F.2d 1314, 1316 (5th Cir. 1978); *Brennan v. OSHRC*, 502 F.2d 30, 32 (5th Cir. 1974).

Since no Commissioner moved for review of the ALJ's order, that decision became the final order of the OSHRC on June 1, 1979. The sole statutory course by which Con-Andy could then obtain review of this final OSHRC order was to petition this Court—as the "appropriate court of appeals"—within sixty days for review. 29 U.S.C.A. § 660(a), (b) (1975); *Midway Industrial Contractors, Inc. v. OSHRC, supra*, 616 F.2d at 347; *Hoerner Waldorf Pan American Bag Co. v. OSHRC, supra*, 614 F.2d at 796; *United States v. Fornea Road Boring Co., Inc., supra*, 565 F.2d at 1316 n.3; *Brennan v. OSHRC, supra*, 502 F.2d at 32. Courts of Appeals have no jurisdiction to grant relief from a final OSHRC order unless an appeal is filed within the sixty day period following the date the order becomes final. *Midway Industrial Contractors, Inc. v. OSHRC, supra*, 616 F.2d at 347; *Hoerner Waldorf Pan American Bag Co. v. OSHRC,*

*supra*, 614 F.2d at 796. Thus in order for Con-Andy to challenge the OSHRC order in the present case before this Court, the company was required to file its petition for review by July 31, 1979. In fact, the petition was not filed until August 3, 1979— three days after the sixty day period had expired.

In its defense, Con-Andy argues that the OSHRC's order became final on June 4, 1979 (rather than on June 1, 1979). The company bases this argument on the fact that the "Notice of Final Order" received from the OSHRC bore the date June 4, 1979. A "Notice of Final Order" is sent by the OSHRC to any aggrieved party who has filed a petition for discretionary review[2] with the OSHRC, in order to inform the party that the time for such review has passed without any Commissioner ordering a review of the ALJ's order. The Notice of Final Order in no way purports to modify the final order date, which, as noted above, is established solely by the operation of 29 U.S.C. § 661(i). Moreover, this Court has held that the Commission does not have the authority to extend the thirty day period, or to change the ALJ's decision after that period has ended. *United States v. Fornea Road Boring Co., Inc., supra*, 565 F.2d at 1316; *Brennan v. OSHRC, supra*. Finally, the ALJ expressly informed Con-Andy that "[t]he final order date cannot be extended under any circumstances." The June 4 letter did not and could not alter the June 1 final order date.

Con-Andy was required to file its petition for review by July 31, 1979. The company actually filed its petition on August 3, 1979. Therefore, the petition is dismissed for lack of jurisdiction.

DISMISSED FOR LACK OF JURISDICTION.

---

1. The ALJ's letter noted that the report's official filing date would be May 2, 1979. June 1, 1979 marked thirty days after the May 2 filing date.

2. Con-Andy's petition for discretionary review was filed with the OSHRC on June 1, 1979— the last day on which a Commissioner could

have directed such review. The filing of a petition for discretionary review with the OSHRC cannot prevent or delay an ALJ's order from becoming the final OSHRC order pursuant to 29 U.S.C. § 661(i). *United States v. Fornea Road Boring Co., Inc., supra*, 565 F.2d at 1316; *Brennan v. OSHRC*, 502 F.2d at 33.