OIL, CHEMICAL AND ATOMIC WORK-
ERS INTERNATIONAL UNION, and
Local 3–499, Oil, Chemical and Atomic
Workers, Petitioners,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMIS-
SION, Respondent.

No. 81–1687.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 3, 1981.

Decided Feb. 26, 1982.

George H. Cohen, Washington, D.C., for petitioners.

Charles F. Lettow, Washington, D.C., for American Cyanamid Company, movant for leave to intervene.

Dennis K. Kade, Washington, D.C., Associate Counsel for Appellate Litigation, Dept. of Labor, for amicus curiae Secretary of Labor.

Before WALD, MIKVA and EDWARDS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioner Oil, Chemical and Atomic Workers International Union and its Local 3–499 ("OCAW") seek review of a decision of the Occupational Safety and Health Review Commission ("OSHRC" or "Commission") dismissing a citation issued by the Secretary of Labor to the American Cyanamid Company. *Secretary of Labor v. American Cyanamid Company*, OSHRC Docket No. 79–5762 (April 27, 1981), reported at 9 BNA OSHC 1596. American Cyanamid has moved to intervene and has moved to dismiss OCAW's petition for review, arguing that OCAW is not a proper petitioner for review under the Occupational Safety and Health Act of 1970 ("Act"), and that OSHRC is not a proper respondent. 29 U.S.C. § 660(a).

American Cyanamid's motion raises several threshold issues that must be answered before we reach the merits of the petition. Those issues are:

(1) Does the role of the Secretary as the exclusive prosecutor under the Act preclude the appeal of an OSHRC decision by OCAW, a labor union representing affected employees, when the union has participated as a party in the OSHRC proceeding?

(2) Does OCAW have the right to challenge a determination by the Secretary not to appeal a decision by the OSHRC dismissing a citation?

(3) May the OSHRC participate as an active party in the Court of Appeals on a petition for review of its decision?

(4) Is the company the proper party respondent in proceedings initiated by a petition filed by OCAW to review the OSHRC decision?

(5) Is the Secretary the proper party respondent in proceedings initiated by a petition filed by the company to review the OSHRC decisions?

We answer the first, second and third questions in the negative and the fourth and fifth questions in the affirmative. Accordingly, we sustain the OCAW's petition for review and we deny the company's motion to dismiss.

## I. BACKGROUND

The facts giving rise to this litigation are not in dispute. In 1977, American Cyanamid adopted a Fetus Protection Policy and implemented it at its Willow Island, West Virginia plant. This policy precluded female employees of presumed childbearing capacity from being assigned to, bidding into, or holding any production job at that plant which involved occupational exposure to toxic substances identified as harmful to the fetus. Any female production worker who failed to provide evidence of permanent infertility by April, 1978, would have to request a transfer to one of three departments where toxic substances were not used. Only seven job openings were available to the thirty women affected by this policy. To rebut the policy's presumption of the potential childbearing capacity of menstruating women, five female production workers underwent voluntary sterilizations. These women retained their production positions. All five stated that they would not have undergone the procedure but for the company's policy which threatened their livelihood. Late in 1978, two women presumed childbearing capacity who refused to be sterilized were transferred to the utility pool with subsequent loss of pay and benefits.

OCAW filed a complaint about the policy with the Occupational Safety and Health Administration ("OSHA"), pursuant to 29 U.S.C. § 657(f)(1), in December, 1978. Thereafter, OSHA inspectors conducted an inspection of the Willow Island plant. As a result of this inspection, OSHA issued a citation on October 9, 1979, alleging that Cyanamid had committed a willful violation of the general duty clause, 29 U.S.C. § 654(a)(1), by implementing a policy which required women employees to be sterilized in order to be eligible to work in certain areas of the plant. Cyanamid filed a timely notice of contest, and the Secretary issued a formal complaint. On November 16, 1979, OCAW elected party status pursuant to

Commission Rule 20(a), 29 C.F.R. § 2200.20, in order to participate in hearings concerning this citation before the OSHRC. Cyanamid filed its answer to the Secretary's complaint and moved for summary judgment. The Administrative Law Judge granted the company's motion and dismissed the citation on two independent grounds: (1) that the citation was barred by the Act's six-month statute of limitations; and (2) that the action of the Equal Employment Opportunity Commission precluded the Secretary's jurisdiction over the alleged hazard.

Both the union and the Secretary petitioned the full OSHRC for discretionary review of the judge's decision pursuant to section 12(j) of the Act, 29 U.S.C. § 661(i). After review was directed, the OSHRC affirmed the ruling on a third ground, finding that the citation did not allege the existence of a "hazard" within the meaning of the Act's general duty clause. Accordingly, the citation was vacated.

Pursuant to section 11 of the Act, 29 U.S.C. § 660(a), OCAW filed a timely petition for review. It named the OSHRC as a respondent. The Secretary elected not to file a petition.

## II. THE RIGHT OF OCAW TO APPEAL

As an initial matter, American Cyanamid challenges the jurisdiction of this court, arguing that OCAW's petition for review fails to present a case or controversy because the statute precludes the union from being heard on matters other than the reasonableness of the abatement period. Our jurisdictional basis for reviewing any OSHRC proceeding is 29 U.S.C. § 660, which provides for appellate review of commission decisions. It states:

> Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 10 [29 U.S.C. § 659(c)] may obtain a review of such order in ... the court of appeals for the District of Columbia Circuit ....

Cyanamid argues in its motion that the broad language of § 660(a) must be limited by Section 10(c) of the Act, 29 U.S.C. § 659(c). Section 10(c) is the cornerstone of the right of employees, or their authorized representatives, to participate in hearings before the OSHRC. It provides, in its entirety:

> If an employer notifies the Secretary that he intends to contest a citation issued under section 658(a) of this title or notification issued under subsection (a) or (b) of this section, or if, within fifteen working days of the issuance of a citation under section 658(a) of this title, any employee or representative of employees files a notice with the Secretary alleging that the period of time fixed in the citation for the abatement of the violation is unreasonable, the Secretary shall immediately advise the Commission of such notification, and the Commission shall afford an opportunity for a hearing (in accordance with Section 554 of Title 5 but without regard to subsection (a)(3) of such section). The Commission shall thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance. Upon a showing by an employer of a good faith effort to comply with the abatement requirements of a citation, and that abatement has not been completed because of factors beyond his reasonable control, the Secretary, after an opportunity for a hearing as provided in this subsection, shall issue an order affirming or modifying the abatement requirements in such citation. The rules of procedure prescribed by the Commission shall provide affected employees or representatives of affected employees an opportunity to participate as parties to hearings under this subsection.

29 U.S.C. § 659(c).

The company contends that section 10(c) limits employee participation in enforcement proceedings to contesting the reasonableness of the abatement period. It reasons that this limit on the initiation of and participation in commission adjudications should be carried over to the instigation of

judicial review because Congress intended that the provisions be read together as part of a "detailed statutory scheme." *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 10, 100 S.Ct. 883, 889, 63 L.Ed.2d 154 (1980). That scheme—says the company—may most consistently be interpreted to limit the rights of employees to initiate and participate in proceedings before the commission and to appeal commission decisions to issues challenging the reasonableness of the abatement period.[1]

We reject the company's initial contention that employees have no right to be heard on matters other than the reasonableness of the abatement period. The starting point for our analysis is section 10(c) of the Act, 29 U.S.C. § 659(c). It is apparent that the first sentence of section 10(c) contemplates two types of hearings. The first is triggered by an employer who notifies the Secretary of an intention to contest a citation. In that hearing, employees are authorized to "participate as parties" by virtue of the last sentence of section 10(c). The second type of hearing is triggered by employees who notify the Secretary of their contention "that the period of time fixed in the abatement citation is unreasonable."

This second type of hearing—that initiated by *employees*—is tied to the agenda set by statute: contesting the reasonableness of the abatement period. *Marshall v. OSHRC and OCAW*, 635 F.2d 544, 552 (6th Cir. 1980). Employees are prohibited from instituting a commission action on any matter other than the reasonableness of the abatement period. *UAW v. OSHRC*, 557 F.2d 607, 610 (7th Cir. 1977). Nothing in the text of the statute, however, so confines employee/union participation as "parties"

in the first type of hearing—that initiated by the *employer* to contest a citation.

Indeed, the section 10(c) limitation suggested by the company would be an anomaly when viewed in the total context of the Act. Typically, as demonstrated by the instant case, an employee who believes a violation exists that threatens physical harm may request an inspection by giving the Secretary written notice. 29 U.S.C. § 657(f)(1). If, upon receipt of such notification, the Secretary determines there are reasonable grounds to believe a violation exists, he must conduct a special inspection as soon as possible.[2] *Id.* A representative authorized by the employees shall be given the opportunity to accompany the Secretary or his representative during the physical inspection of the workplace. *Id.* § 657(e). If the Secretary believes that the employer has violated any portion of the Act, "he shall with reasonable promptness issue a citation to the employer." *Id.* § 658.[3] The employer may then contest the citation if he disputes the Secretary's finding of a violation flowing from an investigation initiated by employees. At the hearing initiated by the employer, the employee may elect party status. *Id.* § 659(c). It is at this juncture that the company insists that the election of party status limits the employees to contesting the length of the abatement period. We find no support for this position in the statute. Moreover, we find the adoption of the company's premise inconsistent with the remainder of the statutory scheme. The company would have us hold that the employee's interest in and contribution to the enforcement process, protected by the statute throughout the enforcement process, abruptly ceases once the adjudicative process is initiated by the

---

1. The position derives the bulk of its support from a recent decision of the Third Circuit, *Marshall v. Sun Petroleum Products Co.*, 622 F.2d 1176, 1186 (3d Cir.), *cert. denied*, 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980). In that decision, the court sharply limited the scope of the employees or their union's party status in a proceeding initiated by the employer to the challenge of the length of the abatement period. It found that "any challenge advanced by an employee is limited to an attack on the reasonableness of the abatement period."

2. If the Secretary finds no reasonable grounds for an inspection, he must notify the employees in writing. 29 U.S.C. § 657(f)(1).

3. If, upon inspection, the Secretary determines no violation exists, he must provide for the informal review of his decision and he must furnish to the employees who requested review a written statement of his reason for the disposition of the case. *Id.* § 657(f)(2).

employer filing a notice of contest. By permitting employees to elect party status, and not qualifying this status with the same limits imposed on the employees' initiation of commission proceedings, it is apparent that Congress intended to continue the broad scope of employee participation in the enforcement of the Act through the adjudicative stages.

The anomalous limitation on employee participation argued by the company is not to be found in the text of section 10(c). The company, however, contends that it is supplied in the report of the Senate Committee on Labor and Public Welfare, which discusses the right of an employee to challenge the reasonableness of the abatement period. Subcom. on Labor of the Senate Comm. on Labor and Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970 at 154–55 (Comm. Print 1971) [hereinafter cited as Legislative History]. The company points to the following quotation in the second paragraph in that report to argue that the abatement period is the sole issue that can be raised by employees. We find, however, that when that paragraph is read along with the preceding one, it demonstrates that employee initiation of commission proceedings is but one of two means of employee participation in OSHRC proceedings.

> If the employer decides to contest a citation or notification, or proposed assessment of penalty, the Secretary must afford an opportunity for a formal hearing under the Administrative Procedure Act. Based upon the hearing record the Secretary shall issue an order confirming, denying, or modifying the citation, notification, or proposed penalty assessment. The procedural rules prescribed by the Secretary for the conduct of such hearings must make provision for affected

employees or other representatives to *participate as parties.*

> Section 10(c) also gives an employee or representative of employees a right, whenever he believes that the period of time provided in a citation for abatement of a violation is unreasonably long, to challenge the citation on that ground. Such challenges must be filed within 15 days of the issuance of the citation and an opportunity for a hearing must be provided in similar fashion to hearings when an employer contests. The employer is to be given an opportunity to participate as a party.

*Id.* (Emphasis added).

■ In sum, the legislative history shows that Congress intended to allow employees to participate as parties in enforcement proceedings in two separate contexts—to initiate contests over the reasonableness of the abatement period and to participate as parties in an employer-initiated contest. We find that Congress did not intend to limit the interest assertable by the union in an employer-initiated proceeding to the length of the abatement period. The scheme of the Act enables employees to translate their concern for workplace safety into a demand for an inspection of the workplace, and, if a violation exists, into a citation. If the employer disputes the inspector's findings and files a notice of contest, the Act entitles employees to "participate as parties" in hearings before the OSHRC. The employees' request for party status confers jurisdiction on the commission to entertain the employees' objections on all matters relating to the citation in question.[4]

■ We therefore hold that where a union or employee has elected party status in proceedings before the OSHRC, the union or employee has a right to appeal the deci-

---

4. At least one other court has endorsed this interpretation. In *Marshall v. OSHRC and OCAW*, 635 F.2d 544, 552 (6th Cir. 1980), the Sixth Circuit agreed with the position taken by Secretary of Labor and construed the Act "as permitting employees having elected party status to participate in prehearing discovery and present their own witnesses."

Pursuant to the statutory mandate of 29 U.S.C. § 659(c), the commission has consistently held that "[an] employee representative electing party status has the right to litigate all the issues raised by the citation and complaint." Southwestern Bell Telephone Co., 5 BNA OSHC 1851, 1852 (1977). *See also* Gurney Industries, Inc., 1 BNA OSHC 1218 (1973).

sion of the OSHRC. As a party in an employer-initiated hearing before the OSHRC, the union will be "adversely affected or aggrieved" by an unfavorable OSHRC decision. Accordingly, the union can seek judicial review in a federal court of appeals under section 11(a) of the Act, 29 U.S.C. § 660(a).

The legislative history of section 11(a) provides further support for our decision. The House version of the Act, H.R. 19200, clearly limited the right to seek judicial review to employers and the Secretary. Legislative History, 1192. The Senate version, S. 2193, contained the identical language as Section 11(a) of the Act, and provided for judicial review of any commission order by any person "adversely affected or aggrieved." *Id.* at 1192. Faced with the conflict between the two provisions for judicial review of commission decisions, the Conference Committee adopted the broader language of "any person adversely affected or aggrieved." [5] *Id.* We therefore conclude that an employee can seek judicial review of OSHRC action in two situations: when the employee seeks to challenge a decision from an OSHRC proceeding which

he initiated to contest the reasonableness of the abatement period, and when the employee seeks to challenge a decision from an OSHRC proceeding in which he elected party status pursuant to Commission Rule § 2200.20.[6]

Our view does not impinge on the Secretary's unique role in administering the Act. As the Supreme Court has noted, the Act creates public rights that are to be vindicated by the Secretary through government management and enforcement of a complex administrative scheme. *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 444–47, 97 S.Ct. 1261, 1264–65, 51 L.Ed.2d 464 (1977). We recognize that the Secretary has been vested with considerable discretion in the promulgation of standards. Thus, employees may not compel the Secretary to adopt a standard. *National Congress of Hispanic American Citizens v. Usery*, 554 F.2d 1196 (D.C.Cir.1977). Similarly, we are persuaded that enforcement of the Act is the sole responsibility of the Secretary. He is the exclusive prosecutor of OSHA violations. *Atlas Roofing Co.*, 430 U.S. at 445–47, 97 S.Ct. at 1264–65; *Dale M. Madden Construction, Inc. v. Hodgson*, 502 F.2d 278,

---

**5.** The House bill made no provision for employee participation before the commission, even with respect to abatement dates. This void explains the House limit of judicial review to employers and the Secretary. Legislative History at 1191–92. In conference, the House conferees acceded to the Senate version which granted employees the right to initiate contest with respect to abatement dates and to participate as parties in employer-initiated contests. *Id.*

**6.** Our holding, which concerns the rights of employees under the OSHA scheme, comports with procedures adopted by Congress for the settlement of cases in other agencies. An example is the process implemented by the National Labor Relations Board. The General Counsel of the Labor Board decides whether or not to prosecute an unfair labor practice complaint. In most instances, the party that filed the complaint—the charging party—cannot compel the General Counsel to prosecute the complaint nor can the private party prosecute before the Board. In *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967), the Supreme Court held that "the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint" and that private parties

cannot institute such proceedings. Under Labor Board rules, once the General Counsel has issued a complaint, the charging party in the case is "accorded formal recognition: he participates in the hearings as a 'party'; he may call witnesses and cross-examine others, may file exceptions to any order of the trial examiner...." *International Auto Workers Union v. Scofield*, 382 U.S. 205, 219, 86 S.Ct. 373, 382, 15 L.Ed.2d 272 (1965). *See also ILGWU v. NLRB*, 501 F.2d 823 (D.C.Cir.1974); *NLRB v. OCAW*, 476 F.2d 1031 (1st Cir. 1973); *Concrete Materials of Georgia v. NLRB*, 440 F.2d 61 (5th Cir. 1971); *NLRB v. Electrical Workers Local 357*, 445 F.2d 1015 (9th Cir. 1971); *Marine Engineers Beneficial Assn. v. NLRB*, 202 F.2d 546 (3d Cir.), *cert. denied*, 346 U.S. 819, 74 S.Ct. 32, 98 L.Ed. 345 (1953). The charging party's inability to initiate a complaint before the Board does not bar the party from obtaining judicial review of an adverse Board ruling. In *International Auto Workers*, 382 U.S. at 219, 86 S.Ct. at 382, the Supreme Court held that if the Board determines that a complaint should be dismissed, the charging party has a statutory right to judicial review "as a person aggrieved."

280 (9th Cir. 1974). Necessarily included within the prosecutorial power is the discretion to withdraw or settle a citation issued to an employer, and to compromise, mitigate or settle any penalty assessed under the Act, 29 U.S.C. § 655(e).[7] Thus, employees may not contest the representation of a settlement agreement that abatement has occurred. *Marshall v. OCAW and OSHRC,* 647 F.2d 383, 388 (3d Cir. 1981). They may not prosecute a citation before the commission after the Secretary has moved to withdraw it. *Marshall v. OSHRC and OCAW, supra,* 635 F.2d at 552. They may not argue that a particular method of abatement would be inefficacious. *Marshall v. Sun Petroleum Co.,* 622 F.2d 1176, 1184–86 (3d Cir.), *cert. denied,* 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980). They may not challenge the substantive provision of an abatement plan. *UAW v. OSHRC, supra,* 557 F.2d at 610–11.

■ We endorse so broad a reading of prosecutorial discretion under the statute because we believe that such discretion comports with the Congressional intent that the Secretary be charged with the basic responsibilities for administering the Act. We agree with other courts that have considered the issue that the union has no right to challenge the refusal of the Secretary to proceed with a citation or to file a complaint. *See, e.g., Marshall v. OSHRC and OCAW, supra,* 635 F.2d at 550. The company, however, contends that these decisions prohibit employees from challenging the Secretary's prosecutorial decisions before the commission proceedings, except where the length of an abatement period is concerned. It reasons that the decision to seek

review of a commission decision is a similar exercise of prosecutorial discretion and concludes that allowing employees to petition for judicial review of a commission decision impermissibly usurps the Secretary's prosecutorial discretion as enforcer of the Act.

■ We reject this position. We agree with the company that a decision of the Secretary not to appeal the OSHRC ruling is an exercise of prosecutorial discretion. Accordingly, we find that the union has no right to challenge the determination of the Secretary not to appeal. In this instance, however, the OCAW is not seeking review of the Secretary's decision; instead, it is seeking judicial review of an order of the OSHRC, an independent adjudicatory body.[8] Under the Act, we hold that a union has the right to appeal the ruling of the OSHRC, whether or not the Secretary simultaneously seeks review, as a person "adversely affected or aggrieved" within the meaning of section 11(a) of the Act.

■ The union's right to appeal OSHRC decisions where it has participated as a party in the commission proceedings is, however, subject to two conditions, derived from the general statutory scheme and purpose of the Act. First, the union must give the Secretary notice of its intention to appeal and must serve him with copies of all of the pleadings. This notice requirement is ordered so that the Secretary is made aware of the litigation and so that he may act to intervene if he deems it appropriate. Second, the case may become moot in those instances when the Secretary, participating in the appeal as an amicus curiae or as an intervenor, provides this court with a clear

---

7. The Secretary's prosecutorial discretion to settle cases over employee objections flows from section 10(a) of the Act, 29 U.S.C. § 659(a). If an employer does not timely contest a citation, it becomes an enforceable order "not subject to review by any court or agency" including the commission. *Id.* As a part of settlement of a contested citation, an employer withdraws its notice of contest thus ousting the commission of jurisdiction. In either case, employees are only empowered to invoke commission jurisdiction to object to the reasonableness of the abatement period.

8. The employee's right to appeal an adverse decision of an adjudicatory agency has never been interpreted as a review of the prosecutor's decision not to appeal. In many instances, appeals by private parties from the dismissal of an administrative action have gone forward without the filing of an appeal by the prosecutorial agency. *See, e.g., Newspaper Drivers v. Detroit Newspaper Publishers Assn.,* 382 U.S. 374, 86 S.Ct. 543, 15 L.Ed.2d 423 (1966). The power to seek judicial review of a decision of an adjudicatory agency has never been vested solely in the prosecutorial arm of that agency.

and unconditional statement that he will not prosecute the claim regardless of the disposition of the appeal by this court. The prosecutorial discretion with which the Secretary is vested empowers him not to renew his prosecution effort even if this court were to find that the citation dismissed by the OSHRC asserted a violation under the Act. *Marshall v. OSHRC and OCAW, supra*, 635 F.2d at 549–52. While we will not require the Secretary to furnish us with a statement of his intent, we may dismiss the appeal as moot in instances where the Secretary has voluntarily proffered such a statement after the union has filed a petition for review.[9]

### III. THE PROPER RESPONDENT IN THE APPEAL

We must next decide if the OSHRC, the named respondent in this petition for review, has the authority to participate as a party in this court in a proceeding to review one of its decisions. American Cyanamid, in its motion to dismiss, contends that no case or controversy exists because the OSHRC cannot participate as a party. While we agree with the company that the Act limits the role of the OSHRC to that of an adjudicatory agency and precludes the OSHRC from independent representation in judicial proceedings before this court, we decline to dismiss these proceedings. We grant the motion to remove the OSHRC from these proceedings; concurrently, we grant the OCAW's motion to amend and reform the caption and to name the company as the proper party respondent in this petition for review.

The circuits are sharply divided on the question of whether the commission is a proper party to an OSHA appeal. Three circuits have held that the commission is not a proper party.[10] Two circuits have stated this position in dictum. The Second Circuit has noted that the commission is assigned the "relatively limited role of administrative adjudication." *General Electric Company v. OSHRC*, 583 F.2d 61, 63 n.3 (2d Cir. 1978). In *Brennan v. OSHRC*, 505 F.2d 869, 871 (10th Cir. 1974), the Tenth Circuit found that the commission is "an adjudicatory body with no regulatory powers."

The opposite position has been taken by the Fourth and Fifth Circuits. In *Brennan v. Gilles & Cotting, Inc.*, 504 F.2d 1255, 1267 (4th Cir. 1974), the Fourth Circuit held that "it is appropriate for the commission to appear in the courts of appeals to defend the policies Congress empowered it to adopt in adjudication." In *Diamond Roofing Co. v. OSHRC*, 528 F.2d 645, 648 n.8 (5th Cir. 1976), the court noted that the commission is "properly a party similar to other administrative agencies in suits by the Secretary or private parties to review its orders."

An examination of the legislative history[11] and the statute persuades us to endorse the position adopted by five other circuits that the commission does not have the authority to participate as a party in proceedings to review one of its decisions.

When read together, the legislative history and the statutory scheme of the Act compel the conclusion that Congress designed the commission as an independent adjudicator. Other statutes which provide

---

**9.** In instances where the Secretary has not furnished the court with a statement of his intent, we will review the decision of the commission. The fact that there is uncertainty as to whether the government will continue to prosecute the case upon remand does not mean that no justiciable controversy exists. *See Dunlop v. Bachowski*, 421 U.S. 560, 575, 95 S.Ct. 1851, 1861, 44 L.Ed.2d 377 (1975).

**10.** *Marshall v. OSHRC and OCAW, supra* (6th Cir. 1980); *Marshall v. Sun Petroleum, supra* (3d Cir. 1980); *Dale Madden Construction, Inc. v. Hodgson*, 502 F.2d 278 (9th Cir. 1974). For example, in *Dunlop v. Don L. Cooney, Inc.*, 3

BNA OSHC 1109 (9th Cir. 1975), the Ninth Circuit expressly held that the OSHRC is "not a proper party in response" and ordered the commission's brief to be marked "amicus". *See also* Moran, *Parties to Proceeding in the Court of Appeals Under the Occupational Safety and Health Act of 1970*, 15 B.C. Indus. & Com.L. Rev. 1089 (1974).

**11.** An extensive examination of the legislative history and the statutory scheme can be found in *Marshall v. Sun Petroleum, supra* 622 F.2d at 1179–1184.

for judicial review of commission action, and which have been construed to allow the commission to be named as respondent, are simply not analogous to this Act. Under these statutes, true adversity exists between the claimant of a government benefit and the commission which seeks to withhold it. Thus, when review of commission action is sought by an unsuccessful applicant for a license before the FCC, *see* 47 U.S.C. § 402, or an unsuccessful applicant for a rate increase before the FERC, *see* 16 U.S.C. § 825*l*(b), it is clear that the commission must be named a respondent since it is the party against whom relief is sought: the court could not grant an effective remedy without its presence. Similarly, the NLRB may be called upon as a party to defend its decisions in court, *see* 29 U.S.C. § 160(f), because adjudication is being sought of its right to grant and enforce relief on behalf of the prevailing party before it.

In this instance, the OSHRC has no enforcement power comparable to the FCC, FERC or the NLRB. We believe the OSHRC should never be considered a proper statutory respondent under 29 U.S.C. § 660(a). The commission was envisioned by its creators to be similar to a district court. It was established to settle disputes between employers and the Secretary of Labor over citations issued by the Secretary's inspectors. The commission, like a district court, has no duty or interest in defending its decision on appeal. As a purely adjudicative entity, it has no stake in the outcome of the litigation. Accordingly, the OSHRC may not participate in this court to review the commission decision as a party respondent in proceedings initiated by any party to the commission hearing.[12]

Sufficient adversity exists between the parties at the commission proceeding to ensure a proper case or controversy at the appellate level. When an employer initiates a hearing before the commission to contest the issuance of a citation, the Secretary automatically is a party respondent in the action. 29 U.S.C. § 659(c). He is charged with defending the action of his inspectors in issuing the citation. Employees may intervene as parties in these hearings. *Id.* If the commission rules in favor of the Secretary and affirms the citation, the employer, a party adversely aggrieved by the commission's order, may file a petition for review of that order within sixty days of the issuance of the order. 29 U.S.C. § 660(a). In this instance, the Secretary is the proper party respondent. His interest was adverse to the employer in the commission proceeding below and continues to be so on appeal. He has an interest in sustaining a commission action with which he agrees.

In those instances where the commission rules in favor of the employer and dismisses the citation, two parties may appeal the commission's order. The Secretary may file a petition for review of the commission's action. 29 U.S.C. § 660(b). He may have an interest in seeking review of a decision of which he disapproves. In this instance, the employer would be the proper respondent. Like an appellee in the appeal of a district court decision, the employer has a concrete stake in having the commission's order affirmed.

In a case such as the instant one, where the union is appealing an adverse decision by the commission, the proper party respondent is the employer.[13] The deletion of the OSHRC does not trigger any jurisdictional problem potentially foreclosing the effective adjudication of the merits of the appeal. The rationale of Federal Rule of Appellate Procedure 15(a) which mandates that each petition for review of

---

12. The role of the commission closely parallels the functions of the Benefits Review Board. This court has treated the Board as an independent adjudicator, similar to a district court, and has dismissed it as a respondent. *McCord v. Benefits Review Board*, 514 F.2d 198 (D.C.Cir. 1975).

13. We do not decide whether the employer is the only proper respondent in cases such as this one. We express no opinion as to whether the Secretary could participate as a respondent in petitions for review filed by the union. *Cf. Shahady v. Atlas and Marble Co., et al.,* 673 F.2d 479 (D.C.Cir.1982).

an agency order shall name the agency as respondent is inapplicable.

In most cases, a single private party is contesting the action of an agency, and the agency must appear and defend to assure the adversarial stance requisite to a case or controversy. In this case, however, sufficient adversity exists between the union and the company to insure proper litigation without the participation of the OSHRC. The company's interest is adverse to the interests of the petitioner union. It can be expected to litigate vigorously to sustain the ruling of the OSHRC. The union plainly has an interest in having the OSHRC decision reversed and the citation upheld, resulting in an invalidation of the company's Fetus Protection Policy and a fine assessed against the company. To require the OSHRC to appear as a party would parallel requiring a district court to appear and defend its decision upon direct appeal. Just as a district court may not defend its decision in the court of appeals, the OSHRC has no authority to defend its order before this court.

 In this case, the motion to amend and reform the caption to delete the OSHRC and add the company as a respondent was filed thirty-three days after the sixty-day statutory period to file a proper petition for review of the OSHRC decision had expired. We are in agreement with other circuits that courts of appeals have no jurisdiction to grant relief from a final OSHRC order unless a petition for review is filed within the sixty-day period following the date the order becomes final. *Consolidated Andy, Inc. v. Donovan*, 642 F.2d 778, 779 (5th Cir. 1981); *Midway Industrial Contractors, Inc. v. OSHRC*, 616 F.2d 346, 347 (7th Cir. 1980); *Hoerner Waldorf Pan American Bag Co., Inc. v. OSHRC*, 614 F.2d 795, 796 (1st Cir. 1980).

 We are not confronted, however, with this problem. In this case, the petition for review was timely filed but the petitioners mistakenly named the OSHRC as the respondent. Discovering its mistake, the union moved to amend its petition to name the company as the proper respondent; by this time, the statutory sixty-day period had expired. We recognize that, in similar circumstances, some courts [14] have held that the petition must be dismissed for failure to file timely. They have construed the motion to amend as one which initiates a new proceeding outside of the sixty-day statutory period. We are unwilling to adopt so draconian an attitude, particularly in this instance. The jurisdictional issue raised by the company's motion to dismiss is one of first impression in this circuit. Because of the ambiguity in the statutory language and the split in the circuits over the proper respondent in actions brought to review an OSHRC decision, we decline to penalize the union for its mistake in naming the OSHRC as respondent. To do so would defeat unjustly the union's opportunity to prove its case.

We will consider this motion to amend the caption as one which relates back to the date on which the petition for review was filed.[15] The company was put on notice of the petition for review within the sixty-day period by means of delivery of process. In addition, the company knew that, but for a mistake concerning the identity of the proper respondent, the action would have been brought against it. We accordingly deny the company's motion to dismiss for failure to name a proper respondent and grant the union's motion to amend the caption to dismiss the OSHRC and add the company as a party respondent.

**14.** *See Cohn v. Federal Security Adm.*, 199 F.Supp. 884 (W.D.N.Y.1961); *Hall v. HEW*, 199 F.Supp. 833 (S.D.Tex.1960); *Cunningham v. United States*, 199 F.Supp. 541 (W.D.Mo.1959).

**15.** *See* Jacoby, *The Effect of Recent Changes in the Law of 'Non-statutory' Judicial Review*, 53 Geo.L.J. 19, 42–43 (1965); Byse, *Suing the 'Wrong' Defendant in Judicial Review of Federal Administrative Action: Proposals for Re-*

*form*, 77 Harv.L.Rev. 40 (1963); Fed.R.Civ.P. 15(c) advisory committee note. *See also Simmons v. HEW*, 328 F.2d 86 (3d Cir. 1964); *In re National Student Marketing Litigation*, 413 F.Supp. 1159 (D.D.C.1976); *Davis Water and Waste Industries v. Jim Wilson, Inc.*, 67 F.R.D. 509 (E.D.Tenn.1974); *Infotronics Corp. v. Varian Associates Corp.*, 45 F.R.D. 91 (S.D.Tex. 1968).